## (September 17, 1964)

■ In the Matter of ARLENE SHANKMAN, an Infant, by Her Guardian ad Litem, ANNISE SHANKMAN, Respondent, et al., Claimant, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Order, entered on April 10, 1964, unanimously modified, on the law and the facts, without costs, to deny application of infant claimant for leave to serve a late notice of claim, and the application is in all respects denied, without costs. Where, as here, the infant had counsel within the statutory 90-day period prescribed by subdivision 5 of section 50-e of the General Municipal Law for the filing of a notice of claim and the failure to timely file a notice appears to be due to the inadvertence of counsel, it is settled in this Department that such failure does not occur "by reason of" the disability of infancy so as to permit an extension of the statutory period. (*Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680; *Matter of Odom* v. *New York City Housing Auth.*, 17 A D 2d 770.) Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ MOSES KELLER, Respondent, v. UNITED STATES LINES, Appellant.— Order, entered April 1, 1964, unanimously modified, on the law and the facts, and in the exercise of discretion, with $30 costs and disbursements to the appellant, to dismiss unconditionally this action for failure of diligent prosecution, and defendant's motion in all respects granted, without costs. Appeal from order entered May 20, 1964, dismissed, without costs, as academic. The accident, which was the basis of the personal injury action, occurred on or about February 28, 1957; the action was commenced on February 13, 1958 and issue was joined on March 23, 1960. Plaintiff delayed until January, 1962 to obtain an order for issuance of a commission to take the testimony of certain physicians in Germany and France with reference to the alleged injuries sustained by plaintiff, and, as of the time of the making of the original motion to dismiss (Feb. 28, 1964), the testimony under the interrogatories issued to the witnesses in Germany had not been completed. The "duty of prosecuting the action rests on the one who brings it" and the plaintiff has not presented a reasonable excuse for failure to proceed diligently with the prosecution of this action (*Sortino* v. *Fisher*, 20 A D 2d 25, 30). In fact, it appears from the affidavits that the delay in prosecution here is due at least in part to the neglect of the plaintiff himself who allegedly resides in Germany. He neither responded in answer to a recent communication from his attorneys nor submitted any affidavit explaining the inordinate delay in procuring the testimony of his doctors in Germany. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

## (September 23, 1964)

■ In the Matter of FREDERICK M. REUSS, JR., Appellant, v. HERMAN KATZ, as City Clerk and Clerk of the Council of the City of New York, Respondent, and JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents.— Order, entered on August 31, 1964, unanimously affirmed, with $30 costs and disbursements to respondents. No opinion. Concur — Breitel, J. P., Valente, McNally, Steuer and Witmer, JJ.