## (October 20, 1971)

■ In the Matter of RALPH A. DE SANTIS, Individually and as City Manager of the City of Troy, Appellant, v. THOMAS H. BROWN, as City Clerk of the City of Troy, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered October 14, 1971 in Renssselaer County, in a proceeding under section 24 of the Municipal Home Rule Law which dismissed objections to petitions filed pursuant to section 37 of the Municipal Home Rule Law with the City Clerk of the City of Troy seeking proposed amendments to sections 3.07 and 7.40 of the City Charter of the City of Troy and the 1971 budget of the City of Troy, which amendments would increase the minimum salary to be paid to officers and employees of the Fire Bureau of the City of Troy, be submitted on referendum to the electors of the City of Troy at the next general election. Appellant objected to the petitions on the grounds that the City Clerk failed within 30 days of the filing of each petition to transmit to the City Council his certificate of compliance or noncompliance as required by sections 24 and 37 of the Municipal Home Rule Law; that the petitions did not contain the number of valid signatures required by section 37 of the Municipal Home Rule Law, and the proposed amendments set forth therein are violative of the Constitution of the State of New York, the Municipal Home Rule Law and the provisions of the Taylor Law (Civil Service Law, art. 14). Section 37 of the Municipal Home Rule Law requires that objections to petitions filed thereunder be disposed of in the manner prescribed by section 24. And this latter section provides in pertinent part that written objections to a petition be filed with the Supreme Court or any Justice thereof within 30 days after the filing of the petition. The lower court found, and it is not disputed on the present appeal, that appellant's objections were not filed within the requisite 30-day period. Consequently, we find, as did the court below, that appellant's objections to the petitions are untimely and, therefore, should be dismissed. (See Election Law, § 330; *Matter of Thompson* v. *Valentine*, 297 N. Y. 105.) Although we express no view on the legal merits as to the invalidity of the proposed amendments, we would note, however, that there appears to be no special circumstance present which would cause this court to deviate from the general rule that the process of enacting legislation by referendum or by direct legislative procedures will not be restrained by the court on the ground that the statute or other enactment that will ultimately emerge would be invalid (*Matter of McCabe* v. *Voorhis*, 243 N. Y. 401; *Town of Union* v. *Conlon*, 19 A D 2d 848). Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.