■ In the Matter of RUFUS P. ELEFANTE, Appellant v EDWARD A. HANNA, as Mayor of the City of Utica, et al., Respondents.—Order unanimously affirmed, without costs, and leave to appeal to the Court of Appeals granted. Memorandum: Petitioner, a resident and taxpayer of the City of Utica, appeals from an order denying his request for equitable and injunctive relief to prevent the submission of a proposed new city charter at the general election to be held on November 2, 1976. The facts are as follows: On September 17, 1975 the Utica Common Council voted to adopt proposed Local Law No. 1 of 1975, which established a Charter Revision Commission for the City of Utica pursuant to section 36 of the Municipal Home Rule Law. On September 18, 1975 Local Law No. 1 of 1975 was presented to respondent Mayor Hanna for action by him pursuant to article 3 of the Municipal Home Rule Law. Thereafter the mayor failed to give notice of a public hearing thereon or cause such a hearing to be held until December 11, 1975 when he caused a public hearing to be held on such law and approved it on the same day. As approved, section 2 of Local Law No. 1 provided for the appointment of "not less than nine nor more than fifteen" Charter Revision Commission members by the Utica Common Council. On August 15, 1976 the Utica Charter Revision Commission caused to be printed a new proposed city charter. On August 17, 1976 respondent Murphy, a member of the commission, caused a notice of public hearing on the charter proposal, scheduled for August 25, 1976, to be issued and the same was published on August 18 through 25, inclusive. The public hearing was held as scheduled on August 25. The common council passed a resolution approving the proposed new city charter on August 26, 1976. On

August 31, 1976, respondent Talarico, as Utica City Clerk, transmitted the proposed city charter to the Oneida County Board of Elections for purposes of inclusion on the official ballot for the November 2 election in the form of a proposition whether the proposed charter should be adopted. In support of the requested relief petitioner alleges that (1) the respondent mayor failed, refused and/or neglected to give notice of a public hearing within 10 days of the presentation to him of the local law establishing the Charter Revision Commission in violation of subdivision 5 of section 20 of the Municipal Home Rule Law; (2) the respondent mayor failed, refused and/or neglected to hold such public hearing within 20 days of the presentation to him of the local law, in derogation of the same statute; (3) the local law fails to "fix or provide the method of determining the number of members of such commission" in derogation of subdivision 2 of section 36 of the Municipal Home Rule Law; (4) the Utica Common Council failed to "prescribe the manner of appointment of appointive members of the Charter Revision Commission" or even to name the members of the commission in derogation of subdivision 2 of section 36 of the Municipal Home Rule Law; (5) that the Utica Common Council enacted legislation governing Charter Revision Commission procedure in derogation of the same statute, which allegedly pre-empts this field of legislation by setting forth the complete procedure to be followed by a Charter Revision Commission. In opposition, respondents challenge petitioner's standing and the timeliness of this proceeding as well as petitioner's contentions on the merits. The petitioner, as a resident taxpayer and qualified elector of the City of Utica and County of Oneida, has standing to collaterally attack, by means of an article 78 proceeding, administrative action threatened or done pursuant to an allegedly invalid law *(Matter of Barile v City Comptroller of City of Utica,* 56 Misc 2d 190) and is, therefore, entitled to seek declaratory relief with respect to the impending submission by respondents election commissioners of the proposed new city charter to the Utica electorate and the allegedly invalid local law which set the charter revision process in motion. Since the special proceeding is in the nature of prohibition, no time limitation applies (8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02, pp 78–104) and respondents' defense of untimeliness must fall. Similarly, respondents' argument with respect to laches is unpersuasive because subdivision 3 of section 330 of the Election Law contains no time limitation on proceedings with respect to the form and contents of official ballots. Although concededly the public hearing on Local Law No. 1 was held more than 20 days after the presentation of the law to the mayor, failure of the mayor to hold a public hearing on or sign the local law within the time limitations set forth in subdivision 5 of section 20 of the Municipal Home Rule Law is not fatal to its validity because it was adopted by operation of law (Municipal Home Rule Law, § 21). Further, there is no merit to petitioner's claim that Local Law No. 1 fails within the purview of section 36 of the Municipal Home Rule Law to make adequate provision for the determination of the number and manner of selection of the members of the Charter Revision Commission because it sets the upper and lower limits of membership rather than fixing a particular number of members, and because it states simply that the members are to be appointed by the common council. Section 36 of the Municipal Home Rule Law does not prescribe numerical or procedural specificity. It merely provides that a local law establishing a charter revision commission "shall fix or provide the method of determining the number of members of such commission" and that it "shall also prescribe the manner of appointment of appointive members", and Local Law No. 1 satisfies these statutory requirements.

Finally, since there is no indication that changes or amendments in the charter proposal, as prepared by the Charter Revision Commission, were made by the common council subsequent to the filing of the charter proposal by the commission with the city clerk, there is no violation of subdivision 3 of section 20 of the Municipal Home Rule Law (see 4 Opns St Comp, 1948, p 442). The order is affirmed and leave to appeal to the Court of Appeals is granted. (Article 78—injunction.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ. (Decided Oct. 26, 1976.)