OPINION OF THE COURT

Per Curiam.

Petitioners seek to contest the constitutionality of Local Law No. 11 of the 1978 Westchester County Local Laws. Since this local law will not become effective unless approved by the voters of Westchester County in the November, 1978 elections, petitioners have chosen to mount their constitutional challenge within the procedural framework of this article 78 proceeding seeking to prevent the board of elections from placing the local law upon the ballot. Special Term dismissed the petition, declaring that the proceeding was premature. The Appellate Division reversed, impliedly finding that the proceeding was not premature and explicitly concluding that the local law was unconstitutional. While we agree that the proceeding was not commenced prematurely, we decline to comment upon the validity of the local law since we conclude that the proceeding is barred by application of the doctrine of laches.
Special Term determined that the proceeding was premature on the authority of our decision in New York Public Interest Research Group v Carey (42 NY2d 527). Such reliance was misplaced, for the majority opinion in that case was premised on the fact that no relief was requested by the plaintiffs which could have any effect whatsoever unless and until the electorate were to approve the challenged law. Thus, we specifically noted in that case that the plaintiffs had abandoned their request to remove the challenged law from the ballot, and distinguished those cases in which such relief was requested (New York Public Interest Research Group v Carey, supra, pp 531-532). Where, as here, the relief requested is the preclusion from the ballot of a proposal sought to be placed before the voters, the proceeding is not rendered premature by the fact that unless approved the challenged law would not become effective, for the requested relief is not dependent upon the result of the election and would instead have an immediate effect.
*927 Nonetheless, this petition must be dismissed. This is so because of the unnecessary and untoward delay in the commencement of this proceeding. The challenged local law involves the abolition of the Westchester County Parkway Police and the elected office of Sheriff, and their replacement with a new Westchester County Department of Public Safety to be headed by an appointed official. The proposal is a complex one, and was the subject of considerable debate and study for some time prior to its approval by the county legislature. Thus, petitioners were well aware of the proposal, and indeed were actually represented by counsel at the public hearing prior to its adoption by the county legislature. The local law was adopted by the legislature on July 17, 1978, and it was approved by the County Executive on July 28. Despite all this, it was not until October 5, a scant month prior to the election, that petitioners commenced this proceeding in which they raise numerous issues of considerable intricacy and potentially great public importance.
Under these circumstances, petitioners have simply delayed too long in commencing this proceeding. Rather than acting with due diligence, they allowed more than two months to elapse before commencing this proceeding. The delay imposed a well nigh impossible burden upon respondents, since they were forced to attempt to formulate a defense to a variety of complex challenges within a matter of days. To condone the attempted resolution of these issues in such an unnecessarily precipitous manner would be to do a great disservice to the residents of Westchester County whose interests are most deeply implicated in this proceeding. In light of all this, we conclude that this proceeding is barred by laches (see New York Public Interest Research Group v Carey, 42 NY2d 527, 535, supra, dissent by Jones, J.).
We would note that were this proceeding the only means of challenging an allegedly unconstitutional provision, a different result might well be mandated by extreme necessity. As it is, however, no such problem exists. The challenged local law will not go into effect until some time after the election, if indeed it is approved by the voters, and thus there will be ample opportunity for petitioners to challenge its validity in a more appropriate manner should they be so advised. We need hardly add that in light of our disposition of this matter, the present proceeding will in no way serve to bar such a subsequent action on the issues raisable therein.
*928 Accordingly, the order appealed from should be reversed, without costs, and the matter remitted to Supreme Court, Westchester County, with instructions to dismiss the petition in accord with this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed, etc.