SECOND DEPARTMENT, OCTOBER, 1985

(October 2, 1985)

■ In the Matter of FRANK V. FOSSELLA et al., Respondents-Appellants, v DAVID DINKINS et al., Respondents-Appellants, and CAMPAIGN FOR A NUCLEAR NAVYPORT REFERENDUM et al., Appellants-Respondents.—In a proceeding pursuant to Municipal Home Rule Law § 37 (5) to invalidate a petition filed with the City Clerk for a referendum on a proposed local law to amend the City Charter, the intervenors appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Richmond County (Kuffner, J.), dated September 6, 1985, which, *inter alia,* denied their motion to dismiss the proceeding as untimely, and the petitioners and others cross-appeal, as limited by their briefs, from so much of the same order as ruled that the question of the constitutionality of the proposed local law was not ripe for judicial review.

Order affirmed, without costs or disbursements. The matter is remitted to the Supreme Court, Richmond County, with a direction that it be consolidated with a pending proceeding to invalidate a second petition. It is further directed that the matters be referred with all convenient speed to a referee to hear and report concerning the validity of each of the two petitions.

Order of this court dated September 19, 1985, vacated insofar as it imposed a stay of all proceedings.

Underlying these appeals is the effort by the intervenors (Campaign for a Nuclear Navyport Referendum, Thomas De Luca, E. Thomas Henkel, and Mobilization for the Survival of New York, Inc.) to have the Board of Elections of the City of New York place a proposition for an amendment to the City Charter on the ballot to be voted on in the upcoming general election. This proposed amendment, in relevant part, would restrict the powers of the Board of Estimate to the extent that the board could not either "approve any * * * expenditure so as to facilitate the development of any military facility, any

component of which is designed to carry or store nuclear weapons", or "[c]onsent to [the] use of any city owned property, or street, so as to facilitate the development of any [such] military facility".

In order to accomplish their purpose, the intervenors have sought to employ the procedures outlined in Municipal Home Rule Law § 37, which governs the adoption of City Charter amendments by voter initiative. In accordance with that statute, on July 2, 1983, intervenor Thomas De Luca filed with the office of the City Clerk a petition purportedly signed by 60,670 individuals. On July 22, 1985, the 20th day following the filing of the petition, the attorney for the petitioners delivered a proposed order to show cause, together with a supporting affidavit signed by petitioner Frank V. Fossella, to the law secretary of Rose McBrien, an Acting Justice of the Supreme Court, Richmond County. Mr. Fossella's affidavit contained objections to the petition filed with the City Clerk by Mr. De Luca. Justice McBrien did not, however, sign the order to show cause until July 24, 1985. The City Clerk transmitted Mr. De Luca's petition to the City Council, having certified by letter dated July 25, 1985, that it contained more than the 30,000 valid signatures necessary to have the proposal submitted for the council's approval (Municipal Home Rule Law § 37 [2], [5]). The City Council has not adopted the proposal as its own enactment.

By order to show cause dated July 31, 1985, the intervenors moved for leave to intervene in this proceeding to invalidate their petition proposing the charter amendment and, in addition, moved, *inter alia,* for an order dismissing the proceeding on the ground that it was not timely commenced. The various municipal parties herein supported that branch of the motion which was to intervene, took no position on that branch of the motion which was to dismiss, and urged the court to rule on a constitutional challenge which Mr. Fossella had raised in his proceeding to invalidate the petition. By order dated August 23, 1985, Justice McBrien granted that part of the motion which was to intervene, and directed that a hearing be held on the remaining issues.

Special Term (Kuffner, J.), after the hearing ordered by Justice McBrien, held that the proceeding to invalidate the petition was timely commenced since Mr. Fossella's objections to the petition were received by Justice McBrien on July 22, 1985—the 20th day following the filing of the petition— thereby satisfying the requirements of Municipal Home Rule Law §§ 24 and 37 (5). The court further ruled that the chal-

lenge to the constitutionality of the proposed amendment was not ripe for judicial review. It referred the matter to a referee to hear and report concerning the validity of the signatures contained in the petition for the referendum. These appeals followed. We find that Special Term properly ruled on all the issues before it and, accordingly, we affirm the order under review.

The proponents of the proposed charter amendment argue that the proceeding to invalidate was required to have been commenced within 20 days of the date the petition was filed with the City Clerk and since Justice McBrien did not sign the order to show cause until July 24, they contend that the proceeding was not timely commenced pursuant to Municipal Home Rule Law § 24. The simple response to this argument is that Municipal Home Rule Law § 24 (1) (a) does not require that a proceeding be commenced within 20 days, but, rather, requires only that an objection be filed with the Supreme Court, or a justice thereof, within such time. The statute states in relevant part: "If within twenty days after the filing of such a petition a written objection thereto be filed with the supreme court, or any justice thereof, of a judicial district in which such local government or any part thereof is located, such court or justice shall determine any question arising thereunder and make such order as justice may require" (Municipal Home Rule Law § 24 [1] [a]). The failure to file such an objection in a timely manner may be fatal (see, Matter of De Santis v Brown, 37 AD2d 865), but the statute contains no limitation of time within which a subsequent judicial proceeding must be commenced. A review of the language contained in various statutes regarding petitions for permissive referenda (e.g., County Law § 101 [3]; Town Law § 91; Village Law § 9-902 [9]) reveals that there is a vast difference between the act of filing an objection with a specified officer and the act of commencing a civil judicial proceeding. We therefore reject the argument that, for the purposes of Municipal Home Rule Law § 24 (1) (a) the two terms "proceeding" and "objection" should be viewed as synonymous.

We now turn to the question of whether, at the time Special Term made the order under review, the constitutional challenge raised was ripe for judicial determination. We recognize that where the Board of Elections is a party to a judicial proceeding, and can therefore be bound by a court order to either place a proposal on the ballot, or remove from the ballot a proposal already on, the mere fact that such a proposal might ultimately not be accepted by the electorate

does not render the issue of the proposal's constitutionality nonjusticiable (see, Matter of Cantrell v Hayduk, 45 NY2d 925; McCabe v Voorhis, 243 NY 401; cf. New York Public Interest Research Group v Carey, 42 NY2d 527). However, in this case, at the time Special Term issued its order, the subject proposal was not on the ballot, nor was the Board of Elections under any obligation to put the proposal on the ballot, nor was it certain that such proposal would ever be on the ballot. This is so because, pursuant to Municipal Home Rule Law § 37 (7), (8), (9), the City Council having failed to adopt the proposed amendment to the City Charter, the proponents of the amendment were required to file a second petition with an additional 15,000 valid signatures, in order to have the proposition placed on the ballot. There was no evidence before Special Term that such a necessary second petition (in addition to the one which is the subject of this proceeding) had been approved by the City Clerk. Thus, when Special Term issued its order, it would have served little purpose to pass on the validity of the proposed amendment since such proposal might never be presented to the Board of Elections for placement on the ballot. The courts should refrain from making a declaratory judgment where such a declaration would have no immediate effect, and where such declaration might ultimately prove to have no effect on the substantial rights of any party (see, New York Public Interest Research Group v Carey, supra). Had Special Term declared the proposal unconstitutional, for example, such declaration might have had no effect had the subject proposal not been placed on the ballot. Special Term was therefore correct in holding that the constitutional challenge was not then ripe for judicial review.

We note, however, that certain events which occurred during the pendency of these appeals affect the issue of the justiciability of the constitutional question. Specifically, the parties, by their attorneys, have stipulated before this court at oral argument that, during the pendency of these appeals, there has been filed, and the City Clerk has approved, a second petition, so that, pursuant to Municipal Home Rule Law § 37 (9), the proposed local law is currently to be placed on the November ballot. Nevertheless, under the facts of this case, we decline to rule on the constitutional issue since there are presently pending two separate proceedings to determine the validity of the signatures on the two petitions filed with the City Clerk. We hold that the constitutional issue should not be determined until the validity of the signatures on these two petitions now under judicial review has been decided.

Constitutional issues should not be reached unnecessarily *(see, Comiskey v Arlen,* 55 AD2d 304, 306, *affd* 43 NY2d 696). Should either petition be found to be invalid due to an insufficient number of valid signatures the issue of the constitutionality of the proposal would be moot. If, however, the petitions withstand judicial scrutiny, the constitutional question will then be ripe for determination by Special Term *(Matter of Cantrell v Hayduk, supra; cf. New York State Public Interest Research Group v Carey, supra).* Therefore, in the interest of orderly procedure, we remit this proceeding to Special Term and direct that it be consolidated with the pending proceeding to review the second petition. We further direct that the matter be referred, with all convenient speed, to a referee to hear and report concerning the validity of both petitions. Mangano, J. P., Gibbons, Thompson, Brown and Eiber, JJ., concur.