OPINION OF THE COURT
Per Curiam.
This is a proceeding to have the Board of Elections remove from the ballot a proposed referendum which would amend New York City Charter § 67. Basically the amendment relates to the use of city property and funds in connection with a military installation by the Federal Government any component of which is designed to carry or store nuclear weapons.
The amendment would prohibit the Board of Estimate from approving the sale, lease, exchange, or other disposition of city property for the development of such a facility, and would further prohibit the Board from granting any franchise, permit, license, use, or consent to use city property or streets for such a purpose. The proposed amendment would also prohibit the Board from approving an appropriation of funds which would facilitate the development of this type of military installation.
Special Term found that the proposed amendment would interfere with the Federal Government’s power to provide for the defense of the Nation and thus would be unconstitutional under US Constitution, article I, § 8. The court also found that the amendment called for a citywide opinion poll for which no express authority had been granted by the Legislature.
The Appellate Division unanimously affirmed agreeing with Special Term that the amendment would violate the Federal Constitution. The court also held that the proposed amendment was invalid under State Law § 50 (2).
At the outset we note that this controversy is justiciable. Although it is generally inappropriate for the courts to consider *167 the validity of proposed legislation, they may do so in a case such as this where a proposed referendum sought to be removed from the ballot is in direct conflict with a State statute. Our holding in New York Public Interest Research Group v Carey (42 NY2d 527, 531) was not to the contrary. There we noted (at p 532) that a decision on such a question is not an advisory opinion when "all the expense and human effort involved in the election process would be wasted because of fatal defects in the law”. Here, unlike in the New York Public Interest case the proceedings seek to remove the referendum from the ballot. In such an instance the court may grant the relief sought, the rule being "one of prudence rather than one of power” (Matter of McCabe v Voorhis, 243 NY 401, 412).
On the merits, although we agree with the courts below that the referendum should be stricken from the ballot, we do so solely on State statutory grounds. In our view the statutes and policies of this State are alone sufficient to sustain the decisions reached below. There is no need to reach the Federal constitutional questions or the other issues raised in this proceeding.
The proposed amendment is unquestionably invalid to the extent that it seeks to amend the City Charter to preclude the city from approving "any sale, lease, exchange or other disposition” of city property for a Federal military installation. This is so because State Law § 50 (2) expressly provides, in language nearly identical to the proposed charter amendment that "every * * * city * * * is hereby authorized and empowered to sell, lease, exchange, donate or otherwise dispose of’ city land to the United States for use as a military reservation "notwithstanding the provisions of any charter or any other statute”. Since this portion of the proposed amendment seeks to deprive the city authorities of a right and power which the Legislature has held may not be alienated, by City Charter provisions or otherwise, it is invalid on its face and could have no effect in the event it were enacted. There is no need for us to consider whether any or all of the remaining provisions are valid. The resolution is manifestly invalid in a substantive respect, since the disposition and use of city land is at the core of the controversy. Under those circumstances it would be inappropriate to submit the proposition to the electorate in a redacted and possibly confusing form (see, Matter of McCabe v Voorhis, 243 NY 401, 416, supra).
Finally we note that the intervenors’ challenge to standing was waived because it was not raised as an affirmative defense, or by way of motion to dismiss, at Special Term (CPLR 3018 [b]; 3211 *168 [e]; Dougherty v City of Rye, 63 NY2d 989, 991-992; Matter of Prudco Realty Corp. v Palermo, 60 NY2d 656).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in Per Curiam opinion.
Appeals taken as of right dismissed, without costs, upon the ground that no substantial constitutional question is directly involved (see, Cohen and Karger, Powers of the New York Court of Appeals § 57, at 258-260 [rev ed]). Oral motion by intervenors-respondents Campaign for a Nuclear Navyport Referendum et al. for leave to appeal granted. Order affirmed, without costs.