■ In the Matter of TOWN OF FENTON, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Smyk, J.), entered July 11, 1985 in Broome County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner is a municipal corporation situated in the northeastern portion of Broome County. Respondents, the Department of Environmental Conservation (DEC) and the Department of Transportation (DOT), are both State agencies.

Freshwater wetlands are lands and waters containing certain varieties of vegetation and are "invaluable resources for flood protection, wildlife habitat, open space and water resources" (ECL 24-0105 [1]). DOT intends to construct an interstate highway through petitioner's southwest corner which would adversely affect three freshwater wetlands at five separate points. One of these wetlands, CC-12, is larger than 12.4 acres, while the other two are smaller than 12.4 acres. The proposed highway will be depressed below the level of the water table opposite CC-12. To prevent the road from flooding, DOT plans to construct four 42-inch force mains that will pump water from around the highway and empty it into the Chenango River. DOT plans to dig a large trench across CC-12 in which it will bury the force mains. This litigation involves a dispute over whether petitioner or DEC has authority to regulate the affected freshwater wetlands.

In October 1984, DOT filed an application for a permit with DEC seeking permission to construct the force mains across CC-12. Petitioner objected to DEC's consideration of the application on the ground that DEC lacked jurisdiction over wetland CC-12. DEC, however, granted the permit to DOT. Petitioner then commenced this CPLR article 78 proceeding seeking to annul the determination of DEC and to enjoin DOT from conducting any regulated activities upon wetlands located within its borders without first obtaining a permit from petitioner. DEC and DOT moved to dismiss the proceeding. Special Term granted the dismissal on the ground that petitioner did not seek "review" of the permit grant within 30 days of its issuance as required by ECL 24-0705 (6). Petitioner contended that the instant proceeding is in the nature of prohibition based upon DEC's alleged lack of jurisdiction over the wetlands in dispute and that the 30-day Statute of Limitations was therefore not applicable. Special Term ruled that prohibition did not lie since this was "clearly an administrative rather than a quasi-judicial act". Special Term also held that petitioner did not acquire jurisdiction over the larger wetland but did have jurisdiction to regulate wetlands under 12.4 acres and that, as to the latter, DOT, as a State agency, is not subject to the local regulation. Petitioner appeals from Special Term's dismissal of its petition.

The judgment entered at Special Term should be affirmed.

Since the grant of the permit by DEC was an administrative act, the remedy of prohibition is not available to petitioner. "Prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction * * * and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted" *(Matter of Schumer v Holtzman,* 60 NY2d 46, 51 [citations omitted]). The timeliness of a prohibition action is governed by the equitable doctrine of laches and not by a specific Statute of Limitations *(Matter of Elefante v Hanna,* 54 AD2d 822, *mod* 40 NY2d 908). If prohibition does not lie in this case, then the 30-day Statute of Limitations set forth in ECL 24-0705 (6) applies and petitioner's article 78 proceeding is untimely.

The question of whether DEC's decision to grant the permit was a quasi-judicial act warranting prohibition or an administrative act appears to turn on whether a hearing was held, evidence presented and a decision made thereon *(see, Matter of City of Albany v McMorran,* 34 Misc 2d 316, 317-318). Although such a hearing or the opportunity to be heard is available under the provisions of the Environmental Conservation Law (ECL 24-0703 [1], [2]), no such hearing and decision thereon was held in the matter at bar. Therefore, Special Term correctly ruled that DEC acted administratively. The 30-day limitation is applicable and the instant article 78 proceeding is time barred *(see,* ECL 24-0705 [6]; CPLR 217; *see also, Toker v Pollak,* 44 NY2d 211, 222).

We find it unnecessary to reach the other issues raised on this appeal.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.