OPINION OF THE COURT
Eugene R Wolin, J.
Petitioners have brought this proceeding for an order in the nature of mandamus directing the Clerk of the City of New York to certify as valid and transmit to the City Council of the City of New York (the City Council) an initiative for a proposed amendment to the New York City Charter.
Petitioners are the sponsors of an initiative which seeks to amend New York City Charter chapter 49 (§ 1100 et seq.). Chapter 49 is entitled "Officers and Employees” and its provisions relate to the duties of both elected and appointed officials and employees of the city, e.g., the appointment of deputy department heads (§ 1101); restrictions on holding more than one civil office (§ 1115); and forfeiture of office (§ 1116). The proposed local law would amend chapter 49 by adding a new section, numbered 1126, which would provide for the removal of elected officials from office upon the direct vote of the electorate, i.e., a recall election (the recall initiative).
The procedure for placing an initiative on the ballot is set forth in Municipal Home Rule Law § 37. As an initial step a sponsor of an initiative must file with the Clerk a petition signed by 30,000 registered voters. The Clerk then has 15 days in which to examine the initiative and the petition and to transmit a certification to the legislative body (Municipal Home Rule Law § 24 [1]). In that certification the Clerk must state whether the initiative and petition comply with all the requirements of law. In the event that the Clerk certifies that the initiative and petition fail to comply, subdivision (5) of section 37 requires the Clerk to state specifically in what respect the initiative and petition fail to comply. In the matter at hand the petitioners filed the petition with the Clerk on July 2, 1986. By letter dated July 18, 1986, the Clerk sent his certification to the City Council. In that certification he stated that the petition did not comply with the requirements of law because it failed to contain the required number of valid signatures. Thereafter, by letter dated August 1, 1986, the Clerk transmitted a supplemental certification which *74 raised additional objections, viz., the "petition contains illegal and ambiguous provisions and is not a permissible subject for referendum because recall procedures are not authorized by state law”.
The factual issue as to the number of valid signatures was referred to a Special Referee to hear and report. During the course of those hearings, the respondent conceded that the petition contained the requisite number of valid signatures. This was so reported by the Referee and his report is hereby confirmed and adopted. The respondent continues to raise two objections in law to the recall initiative: first, that it is not a proper subject for an amendment to the New York City Charter and second, that, as drafted, the proposed local law is illegal, ambiguous, vague and incapable of enforcement if adopted in its present form. Petitioner maintains that the proposed local law complies with all the requirements of law and urges the court to find that by his failure to raise his legal objections in his certification in a timely manner, the Clerk has waived his right to raise those objections in this proceeding.
I. WAIVER
As indicated, this argument springs from Municipal Home Rule Law §24 (1) (a). The relevant sentence is: "The clerk shall examine each such petition so filed with him and shall, not later than fifteen days after the date of this filing, transmit to the legislative body a certificate that he has examined it and has found that it complies or does not comply, as the case may be, with all the requirements of law.”
The issue thus presented is whether this language is mandatory or directory. As a general rule of statutory interpretation a provision which directs an official to do an act within a specific time will be considered directory if the statute does not make time of the essence (McKinney’s Cons Laws of NY, Book 1, Statutes § 172). Nothing in Municipal Home Rule Law § 24 (1) (a) indicates that the Clerk will be divested of jurisdiction or that his authority to certify the validity of a proposed local law exists only for that 15-day period. Nor should the failure of the Clerk to raise an objection to the validity of a proposed local law be deemed a waiver which will transform an invalid initiative into a valid one. The Clerk does not have the authority to waive the requirements of the statute (Matter of Reuss v Katz, 43 Misc 2d 921, affd 21 AD2d 968; Matter of *75 Fossella v Dinkins, 128 Misc 2d 822, 823, n, affd 114 AD2d 340, affd 66 NY2d 162; but see, Matter of De Santis v Brown, 37 AD2d 865). In addition, Municipal Home Rule Law § 37 (8) permits the Clerk to raise all objections anew when the sponsor submits the second petition of 15,000 signatures required by statute. Thus, the court is persuaded that this language is directory only and does not preclude the Clerk from raising objections or transmitting a supplemental certification at any time.
The court also notes that if the Clerk were to be precluded from raising legal objections at this time, petitioner would be required to obtain 15,000 signatures for the second petition. This would involve considerable time, effort and expense. Several times during the initial hearing before the Referee on the validity of the 30,000 signatures, counsel for petitioner asked the court for a ruling directing respondent to concede the required number of signatures. On each application petitioners complained of the enormous amount of time and effort being expended by their volunteers. The court should not ignore this fact and should not require effort which may ultimately prove meaningless due to fatal defects in the initiative (Matter of Fossella v Dinkins, 66 NY2d 162, 167, supra).
II. THE SUBJECT MATTER OBJECTION
It is clear that the Constitution vests the power to legislate in the Legislature (NY Const, art III, § 1) and not the people. The legislative power of the City of New York rests in the City Council (NY City Charter, ch 2, § 21). While there is a limited power given to the electorate to initiate and adopt legislation directly, the exercise of that power must rest upon a specific constitutional or statutory grant. Direct legislation by the electorate is the exception and not the rule in this State (Matter of McCabe v Voorhis, 243 NY 401). Both the Constitution (NY Const, art IX, § 2 [c] [ii] [1]) and the Municipal Home Rule Law (§ 10 [1] [ii] [a] [1]) permit local governments to adopt and amend local laws providing for the powers, duties, qualifications, mode of selection and removal of officers and employees. Thus it is argued that recall by direct vote of the electorate is simply another procedure for removal and is authorized by the general constitutional and statutory grant of the authority to remove.
Those States which recognize a right of the electorate to *76 remove an elected official from office through a recall election have done so by means of a specific reservation of that right in their constitutions (Groditsky v Pinckney, 661 P2d 279 [Col 1983]; Wallace v Tripp, 358 Mich 668, 101 NW2d 312 [1960]; Jones v Harlan, 109 SW2d 251 [Tex Civ App 1937]; Dunham v Ardery, 43 Okla 619, 143 P 331 [1914]). There is no specific reservation of that right in the NY Constitution or in any statute; nor is there any reference to a procedure for a recall election in the Election Law. There are, however, specific statutory procedures for the removal of local officials and employees. The New York City Charter provides, for example, that the Mayor, the President of the City Council and the Borough Presidents may be removed by the Governor upon the filing of charges and a hearing on those charges. The removal procedure established by the New York City Charter thus fits the definition offered by Black’s Law Dictionary 1164 (5th ed 1979) of a "[deprivation of office by act of competent superior officer acting within scope of authority.” In contrast recall is defined therein as "A method of removal of official in which power of removal is either granted to or reserved by the people.” (Id., at 1139.) A recall election is further defined as "[ejection where voters have opportunity to remove public official from elected office.” (Id., at 465.) Certainly the effect on the official involved, i.e., the loss of the position, is the same regardless of the procedural vehicle employed. However, to hold that the term removal includes the right of recall would require the court to imply the reservation to the electorate of a substantive right entailing a complex procedure from the silence of the Constitution and the relevant statutes.
The court therefore concludes that without an express grant of authority from the Constitution and the Municipal Home Rule Law to permit removal from office by the direct vote of the electorate, no such right exists and the proposed local law is not a proper subject for an amendment to the New York City Charter.
HI. THE DRAFTING OBJECTION
Even assuming that the removal of elected officials from office by the direct vote of the electorate may be authorized, the recall initiative submitted by petitioners has been so poorly drafted as to be incapable of enforcement if adopted. Initially, the petition fails to specify the minimum number of signatures on a petition which would be necessary to place the *77 question of the recall of a specific official on the ballot. The petition provides for a recall election upon submission of a petition signed by “not more than” a certain percentage of voters. By using language which sets a maximum rather than a minimum, the possibility exists that a recall election could be triggered by a petition signed by only one registered voter. Next the initiative appears to permit the recall of Civil Court Judges and is therefore in direct conflict with the Constitution (NY Const, art VI, § 15 [a]). Further, there is no mechanism for choosing a successor to fill the vacancy caused by the recall. Finally, it is improper for a local law to be amended which will be in conflict with the Election Law of the State with respect to the scheduling of special elections. In their papers and at oral argument petitioners have sought to dismiss these objections as hypertechnical and as points which could be easily rectified by the City Council. The proposed local law must, however, stand on its own and its validity cannot be determined based upon how it may be amended or altered by the City Council. There is no justification to burden the City Council, the court or the electorate with a simplistic approach to a complex problem.
The court concludes that the recall initiative is invalid in that it is not a proper subject for an amendment to the New York City Charter and that, as drafted, the proposed local law is fatally defective as a matter of law.
Accordingly, the petition for an order of mandamus is denied and the proceeding is dismissed.