■ In the Matter of JEAN MILLAR, Appellant, v CHARLES R. TOLLY et al., Respondents. TOWN OF ROXBURY, Respondent. [675 NYS2d 440] —White, J. Appeals (1) from an order of the Supreme Court (Mugglin, J.), entered February 11, 1998 in Delaware County, which, in a proceeding brought pursuant to Town Law § 91, dismissed petitioner's application, *sua sponte*, for lack of jurisdiction, and (2) from an order of said court, entered March 31, 1998, which denied petitioner's motion for reconsideration.

On December 30, 1997, the Town Board of the Town of Roxbury in Delaware County enacted a resolution, subject to a permissive referendum, authorizing the purchase of a gravel pit for $400,000 that was to be partially financed by the issuance of $380,000 in serial bonds. On January 22, 1998, a petition, signed by approximately 145 Town residents, demanding a public referendum was filed with the Town Clerk. Four days later, petitioner filed objections to the petition with the Town Clerk and on January 27, 1998 filed a request for judicial intervention and a verified petition with the County Clerk. The record is not entirely clear what transpired next; however, it appears that petitioner, purportedly following Supreme Court's oral directive, published the petition along with a notice of a hearing on February 10, 1998 in a local newspaper and posted the petition with the notice of hearing in several public locations in the Town. At the hearing, the only appearances were by petitioner and four signatories of the referendum petition, who appeared *pro se*. Thereafter, Supreme Court dismissed the petition due to petitioner's failure to comply with CPLR 304.

On reargument, the court adhered to its determination, prompting these appeals.

Initially, we shall dismiss the appeal from the order entered on March 31, 1998 since no appeal lies from an order denying reargument (*see, Matter of Barnes [Council 82]*, 235 AD2d 826).

We begin our analysis by recognizing that any attempt to prevent a permissive referendum should be viewed with utmost circumspection since the right to petition the government is deeply rooted in our democracy (*see, Matter of Potash v Molik*, 35 Misc 2d 1, 3, *affd* 17 AD2d 111; *see also*, 5 McQuillin, Municipal Corporations § 16.68, at 356 [3d rev ed]). As will be developed, this proceeding fails to satisfy this heightened scrutiny as petitioner did not comply with the statutory requirements applicable to a proceeding challenging a petition for a referendum, so we affirm.

Town Law § 91, the governing statute herein, contemplates the filing of objections to a petition seeking a referendum with Supreme Court followed by the commencement of a judicial proceeding in accordance with the provisions of Election Law § 16-116 (*see, Matter of Fossella v Dinkins*, 114 AD2d 340, 342). Election Law § 16-116 provides, in pertinent part, that "[a] special proceeding * * * shall be heard upon a verified petition * * * and upon such notice to such officers, persons or committees as the court or justice shall direct". Additionally, "[a] special proceeding is commenced by filing of a notice of petition or order to show cause and a petition" (CPLR 304). Notably, in election proceedings jurisdiction is not acquired unless the methods of service designated by the court are strictly complied with (*see, Matter of Gold v Lasher*, 230 AD2d 873; *Matter of McGreevy v Simon*, 220 AD2d 713).

As indicated, petitioner did not file a notice of petition or an order to show cause prior to the purported service of the petition. In fact, there is nothing in the record to indicate that either document was ever filed. Second, we are unable to ascertain if service upon respondents was properly effected since there is no order from Supreme Court in the record directing the manner of service of the petition. Therefore, inasmuch as petitioner's failure to comply with the applicable statutory requirements left Supreme Court without personal jurisdiction, this proceeding was properly dismissed (*see, Matter of Gershel v Porr*, 89 NY2d 327, 332; *see also, Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 723).

Our determination is not affected by the fact that Supreme Court obtained jurisdiction over the four signatories who appeared without objection (*see, CPLR 320 [b]*) since they did not

represent the Town, nor is there any evidence to suggest that they represented the other 141 signatories.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order entered February 11, 1998 is affirmed, without costs. Ordered that the appeal from the order entered March 31, 1998 is dismissed, without costs.