OPINION OF THE COURT
John J. Ark, J.
This proceeding was commenced by order to show cause dated September 13, 1999, 13 days after the referendum petition was filed in the office of the Town Clerk. At oral argument on September 17, 1999, the intervenors conceded that the referendum petition was fatally defective for the reasons set forth in the objectors’ petition. Regardless, the intervenors argue that the fatal defects are irrelevant since both the objectors’ *1025 petition and the commencement of the special proceeding challenging the referendum should have been filed within five days after the filing of the referendum petition with the Town Clerk. As a result of the late filing of the order to show cause, intervenors posit that this proceeding is a nullity and the court has no jurisdiction.
Intervenors rely on Matter of Millar v Tolly (252 AD2d 872 [3d Dept 1998]) for the principle that the objecting special proceeding must be commenced within five days of the filing of the referendum petition. However, in Millar the objecting petitioner never filed either a notice of petition or an order to show cause, thereby failing to invoke the jurisdiction of the court. Since the Millar Court never had to adjudicate timeliness, any oblique reference thereto is dicta. Even so, Millar (at 873) holds that “Town Law § 91, the governing statute herein, contemplates the filing of objections to a petition seeking a referendum with Supreme Court followed by the commencement of a judicial proceeding in accordance with the provisions of Election Law § 16-116”. (Emphasis added.)
Millar (supra, at 873) affirmatively cites Fossella v Dinkins (114 AD2d 340 [2d Dept 1985]). In Fossella, the Second Department held that Municipal Home Rule Law § 24 (1) (a) does not require a special proceeding be commenced within the 20-day period. Fossella determined that the phrase “[i]f within twenty days after the filing of such a petition a written objection thereto be filed with the supreme court” is not a time limitation within which a subsequent judicial proceeding must be commenced.
Intervenors also cite Donohue v Town of Hamburg (143 Misc 2d 951 [Sup Ct, Erie County]), wherein the objections were dismissed when objectors’ petition was not filed with Supreme Court within five days. In the instant matter, although the special proceeding was not commenced for 13 days, the objectors’ petition was filed with this court within the requisite five days. Although neither factually applicable nor legally controlling, Donohue’s historical analysis is illuminating.
Town Law § 91 mandates that “a verified petition setting forth the objections be presented * * * to the supreme court” within five days of the filing of the referendum petition. This was done. Accordingly, the petitioners’ motion to declare invalid and null and void the petition for referendum is granted; the Gates Town Clerk is enjoined and restrained from declaring valid the petition for referendum and from taking any steps *1026 to certify a special election in furtherance of the petition; and the intervenors’ cross motion to dismiss the special proceeding is denied.