■ In the Matter of TIMOTHY J. JULIAN, Individually and as Mayor of the City of Utica, Respondent, v ALFRED LA SALLE, as Chairperson of the 2005 Charter Revision Commission of City of Utica, et al., Respondents, and LUCRETIA DeSANTIS HUNT et al., as Members of the 2005 Charter Revision Commission of the City of Utica, Appellants. [804 NYS2d 522]—

Appeal from an order of the Supreme Court, Oneida County (Hugh A. Gilbert, J.), entered October 3, 2005. The order directed respondent Commissioners of the Oneida County Board of Elections to remove from the November 8, 2005 general election ballot a proposition submitted by the 2005 Charter Revision Commission of the City of Utica.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner, individually and as Mayor of the City of Utica, seeks, inter alia, an order directing the Oneida County Board of Elections to remove from the November 8, 2005 general election ballot a proposition submitted by the 2005 Charter Revision Commission of the City of Utica (Commission). Pursuant to the proposition, the Utica City Charter (Charter) would be amended by providing for the recall of elected city officials. Supreme Court agreed with petitioner that the Commission's report submitted with the proposed proposition did not comply with the procedural mandates of Municipal Home Rule Law § 36 (5) (a), and the court thus directed respondent Commissioners of the Oneida County Board of Elections to remove the proposition from the general election ballot. We reverse.

We note at the outset that, contrary to respondents' contention, petitioner has standing to challenge "administrative action threatened or done pursuant to an allegedly invalid law" (*Matter of Elefante v Hanna*, 54 AD2d 822, 823 [1976], *mod on other grounds* 40 NY2d 908 [1976]). Indeed, we note that petitioner's standing is of particular importance where, as here, the case involves a "matter of significant municipal concern" (*Matter of Andrews v Nagourney*, 41 AD2d 778, 778 [1973], *affd* 32 NY2d 784 [1973]). Similarly, to the extent that petitioner challenges the procedures by which the Commission adopted the proposition and by which the proposition was placed on the general election ballot, the relief sought by petitioner is not premature despite the fact that the proposition ultimately may not be approved by the voters (*see Matter of Cantrell v Hayduk*, 45 NY2d 925, 926 [1978]; *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531-532 [1977]).

We agree with respondents, however, that the court erred in determining that the Commission's report did not comply with Municipal Home Rule Law § 36 (5) (a). That 14-page report stated that the Commission reviewed the entire Charter and

the report made specific recommendations for amendments to the Charter, thereby satisfying the statutory requirements (*see Matter of Cruz v Deierlein*, 84 NY2d 890, 892-893 [1994]; *Council of City of N.Y. v Giuliani*, 248 AD2d 1, 5-6 [1998], *lv dismissed in part and denied in part* 92 NY2d 938 [1998]).

Upon determining that the report satisfied the statutory requirements and that reversal therefore is required on that ground, we address petitioner's procedural contentions in support of affirmance, which we note are properly preserved for our review (*see generally* CPLR 5501 [a] [1]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]). Nevertheless, we conclude that those contentions lack merit.

Contrary to petitioner's contention, the Commission was not required to conduct public hearings prior to submitting its report to respondent Clerk of the City of Utica. Municipal Home Rule Law § 36 governs the procedure for the enactment of new or revised city charter provisions recommended in reports of city charter revision commissions such as the Commission herein. The sole reference to public hearings is found in Municipal Home Rule Law § 36 (6) (f), which provides that the commission "shall conduct public hearings," and that the commission "shall conduct such public hearings at such times and at such places within the city as it shall deem necessary."

The statute further provides that the proposed charter revisions must be contained in a report to the public (§ 36 [5] [a]). The report shall be given such publicity as the commission "may deem proper," and the "new charter or amendments shall be completed and filed in the office of the city clerk in time for submission to the electors not later than the second general election after the charter commission is created and organized" (§ 36 [5] [b]). Further, the "public hearing" provision in Municipal Home Rule Law § 36 (6) is a general provision governing the conduct and compensation of a city charter revision commission, and does not relate specifically to the procedure required to enact amendments recommended by a charter revision commission. In any event, we note that, to the extent that the "public hearing" provision in section 36 (6) (f) could be held to apply specifically to the process by which recommended charter amendments are adopted rather than to the more general conduct of a charter revision commission's activities, the provision requires the commission to conduct hearings only "as it shall deem necessary."

We have reviewed petitioner's remaining procedural contentions and conclude that they are without merit. Finally, although petitioner's contention concerning the validity of the proposed

Charter amendment is ripe for our review (*see Cantrell*, 45 NY2d at 926), we nevertheless decline to address that contention at this time (*see generally Matter of Fossella v Dinkins*, 66 NY2d 162, 166-167 [1985]; *Matter of McCabe v Voorhis*, 243 NY 401, 412 [1926]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.