Matter of Rochester Police Locust Club, Inc. v City of Rochester (2019 NY Slip Op 07518)





Matter of Rochester Police Locust Club, Inc. v City of Rochester


2019 NY Slip Op 07518


Decided on October 17, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1051.1 CAE 19-01808

[*1]IN THE MATTER OF ROCHESTER POLICE LOCUST CLUB, INC., MICHAEL MAZZEO AND KEVIN SIZER, PETITIONERS-PLAINTIFFS-RESPONDENTS,
v
CITY OF ROCHESTER, LOVELY A. WARREN, AS MAYOR OF CITY OF ROCHESTER, COUNCIL OF THE CITY OF ROCHESTER, RESPONDENTS-DEFENDANTS-APPELLANTS, ET AL., RESPONDENT. 






TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (PATRICK BEATH OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS CITY OF ROCHESTER AND LOVELY A. WARREN, AS MAYOR OF CITY OF ROCHESTER.
EMERY CELLI BRINCKERHOFF & ABADY LLP, NEW YORK CITY (ANDREW G. CELLI, JR., OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT COUNCIL OF THE CITY OF ROCHESTER.
TREVETT CRISTO P.C., ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS. 


 Appeals from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered September 26, 2019 in a CPLR article 78 proceeding and declaratory judgment action. The judgment and order, among other things, granted the motion of petitioners-plaintiffs for a preliminary injunction. 
It is hereby ORDERED that the judgment and order so appealed from is unanimously modified on the law by denying the motion and vacating the preliminary injunction and as modified the judgment and order is affirmed without costs.
Memorandum: Respondent-defendant Council of the City of Rochester (City Council) adopted Local Law No. 2 of 2019 (Local Law) to amend the Rochester City Charter and establish a civilian-controlled Police Accountability Board with the power to investigate complaints of police misconduct and impose discipline on offending officers. Section 2 of the Local Law scheduled a referendum for the November 2019 general election and provided that the Local Law would take effect only after approval by the vote of a majority of qualified electors voting in that referendum.
Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that the Local Law is invalid, as well as injunctive relief. Petitioners also moved by order to show cause for a preliminary injunction. City Council and respondents-defendants City of Rochester and Lovely A. Warren, as Mayor of the City of Rochester (collectively, respondents), appeal from a judgment and order that, inter alia, granted petitioners' motion and issued a preliminary injunction barring the Local Law from being voted on in the general election. We modify the judgment and order by denying the motion and vacating the preliminary injunction.
A preliminary injunction requires a demonstration of "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor" (Doe v Axelrod, 73 NY2d 748, 750 [1988]; see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Destiny USA [*2]Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [4th Dept 2009]), and here petitioners failed to establish that they would suffer irreparable injury if the referendum were permitted to proceed (see Matter of Cantrell v Hayduk, 45 NY2d 925, 927 [1978], rearg denied 46 NY2d 771 [1978]; see generally Kane v Walsh, 295 NY 198, 205-206 [1946]).
We note that the substantive merits of the Local Law are not before us (see generally Hecht v City of New York, 60 NY2d 57, 61-62 [1983]) and that our determination does not bar a subsequent action in the event that the referendum is approved by the voters (see Cantrell, 45 NY2d at 927). We have considered respondents' remaining contentions, and we conclude that none warrants reversal or further modification of the judgment and order.
Entered: October 17, 2019
Mark W. Bennett
Clerk of the Court