Matter of Cayuga Nation v Town of Seneca Falls (2023 NY Slip Op 00575)

Matter of Cayuga Nation v Town of Seneca Falls

2023 NY Slip Op 00575

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

924 CA 22-00808

[*1]IN THE MATTER OF CAYUGA NATION, GORDON BURGESS AND JOAN BURGESS, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
TOWN OF SENECA FALLS, RESPONDENT-DEFENDANT-RESPONDENT, ET AL., RESPONDENTS-DEFENDANTS. 

BARCLAY DAMON LLP, SYRACUSE (LEE ALCOTT OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.

 Appeal from a judgment of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered March 1, 2022 in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, insofar as appealed from, granted that part of the motion of respondent-defendant Town of Seneca Falls seeking to dismiss the second cause of action. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part and the second cause of action is reinstated.
Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that certain provisions of the Town of Seneca Falls Zoning Local Law (zoning code), prohibit respondent-defendant Carlin Seneca-John, doing business as Gramma Approved Sovereign Trades, from operating a commercial enterprise out of his residence. Despite petitioners' objections to the operation of Seneca-John's business on the ground that it was not a permitted use (see Town of Seneca Falls Zoning Local Law § 300-14 [A]), respondent-defendant Town of Seneca Falls (Town) allegedly failed to enforce the zoning code, thereby allowing Seneca-John to continue to operate his business as a nonconforming use on the premises. The Town moved to dismiss the petition-complaint against it, and Supreme Court granted the motion. As limited by their brief, petitioners appeal from the ensuing judgment to the extent that it granted the motion with respect to the second cause of action, seeking a declaratory judgment, on the ground that they lacked standing. We reverse the judgment insofar as appealed from.
We agree with petitioners that the court erred in granting the motion with respect to the second cause of action. "Standing 'is an aspect of justiciability which, when challenged, must be considered at the outset of any litigation' " (Matter of Barbeau v Village of LeRoy, 181 AD3d 1155, 1157 [4th Dept 2020], quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991]). Nonetheless, "a party's lack of standing does not constitute a jurisdictional defect" (Consumer Solutions, LLC v Charles, 137 AD3d 952, 953 [2d Dept 2016]; see HSBC Bank, USA, N.A. v Taher, 104 AD3d 815, 817 [2d Dept 2013]; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048-1049 [2d Dept 2011]), and therefore a challenge to a party's standing is waived if the defense is not asserted in either the answer or a preanswer motion to dismiss (see US Bank N.A. v Nelson, 169 AD3d 110, 114 [2d Dept 2019], affd 36 NY3d 998 [2020]; Matter of Fossella v Dinkins, 66 NY2d 162, 167 [1985]; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 44-45 [2d Dept 2020]). Here, the Town's motion with respect to the second cause of action was not based on petitioners' alleged lack of standing. Thus, we conclude that the court erred in sua sponte reaching the issue of standing with respect to that cause of action (see Barbeau, 181 AD3d at 1157; Matter of Associated Gen. Contrs. of NYS, LLC v New York State Thruway Auth., [*2]159 AD3d 1560, 1560 [4th Dept 2018]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court