Martinez v City of New York (2023 NY Slip Op 03073)

Martinez v City of New York

2023 NY Slip Op 03073

Decided on June 08, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 152989/23 Appeal No. 490 Case No. 2023-02335 

[*1]Ileana Martinez et al., Plaintiffs-Respondents,
v
The City of New York, Defendant-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for appellant.
Stroock & Stroock & Lavan LLP, New York (Jerry H. Goldfeder of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about May 10, 2023, which, inter alia, converted plaintiffs' preliminary judgment motion to a summary judgment motion and granted plaintiffs summary judgment on their claims to the extent of sua sponteconstruing New York City Charter Chapter 50-A section 1139 (Local Law 15), which disqualifies persons who have been convicted of certain federal and state felonies involving public corruption from holding certain local elected offices, including City Council, to not apply to specified felony convictions where the convictions predated the law's enactment in February 2021, and, alternatively, ordering that Local Law 15 and its application to convictions which predate the law's enactment are deemed unconstitutional, and enjoining the City from disqualifying persons from holding the elected offices based on convictions prior to the enactment of the provision, unanimously reversed, on the law, without costs, the motion for a preliminary injunction denied, the summary judgment order construing Local Law 15, deeming it and its application to convictions predating the law's enactment unconstitutional, and enjoining the City from enforcing the law vacated, and the matter remanded for further proceedings.
Under the circumstances presented, where plaintiffs, without good reason, waited until shortly before the upcoming June 27, 2023 Democratic primary election to bring this action seeking a determination as to the constitutional and procedural validity of Local Law 15, enacted in February 2021, and to bring this motion seeking injunctive relief barring its enforcement, on an expedited basis that would not permit meaningful review of the important issues and that necessarily would result in electoral disruption, the court should not have converted, with limited notice to the City, the motion to one for summary judgment and resolved the merits of plaintiffs' claims on an expedited schedule. Given the importance and complexities of the challenges to Local Law 15 raised by plaintiffs, which, if granted, would change the candidacy qualification rules enacted by the City Council for these City offices in all elections going forward and would not merely affect the single disqualified candidate supported by plaintiffs here in this one election, and given plaintiffs' failure to seek this relief in a more timely fashion, the merits of plaintiffs' challenges should only be resolved after a full briefing and meaningful review of the issues and not on the expedited schedule sought by plaintiffs that the challenges may not be resolved in time for the disqualified candidate to run in the upcoming primary does not require a different result (see Matter of Cantrell v Hayduk, 45 NY2d 925, 927 [1978]; Matter of League of Women Voters of N.Y. State v New York State Bd. of Elections, 206 AD3d 1227, 1230 [3d Dept 2022], lv denied, 38 NY3d 909 [2022]).
Had the court, rather than treating the motion as [*2]one for summary judgment, addressed the arguments concerning the preliminary injunctive relief sought by plaintiffs that would immediately enjoin enforcement of Local Law 15, denial of that motion would have been proper, for the same reasons as above. Moreover, plaintiffs have not made the necessary showing of likelihood of success on the merits and balance of the equities to warrant such relief.
We also find that the court, in prematurely resolving the merits of plaintiffs' challenges, erred to the extent it construed, against the statutory reading proffered by both parties in the motion court, Local Law 15 as not disqualifying candidates based on the specified felony convictions where the convictions predated the law's enactment in February 2021. A reading of the statutory language that the law applies to any person who "has been convicted" makes clear, on its face, that the law applies to both pre- and post-enactment convictions and, as the City shows, the legislative comments entirely support that reading, as do the subsequent practices of the Board of Elections. The court also prematurely ruled to the extent it  after finding that Local Law does not apply to convictions prior to the enactment of the provision  alternatively ordered, without any legal analysis, that "Local Law 15 and its retroactive application is deemed unconstitutional," apparently based on ex post facto concerns, and enjoined the City from disqualifying candidates based on pre-enactment convictions, an argument that plaintiffs glancingly raised and that was not briefed by the City. Given the limited briefing of that issue in the motion court and on this appeal, we remand the matter to the motion court for consideration, after full briefing, of the merits of that challenge to Local Law 15, as well as the constitutional and procedural challenges raised in plaintiffs' complaint (concerning the right to vote, right of association, preemption, and the failure to enact the law by public referendum), which the motion court did not address, and which we decline to address in the first instance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2023