In the Matter of RICHARD D. ENDERS, Individually and as District Attorney of the County of Oneida, et al., Respondents, *v.* IDA ROSSI et al., as Commissioners of Elections of the County of Oneida, et al., Appellants. STEWART A. ROBERTS, Intervenor-Appellant.

Fourth Department, August 23, 1974.

*Donald E. Keinz, County Attorney* (*Rocco S. Mascaro* of counsel), for Commissioners of Elections, appellants.

*Louis J. Lefkowitz, Attorney-General* (*Lawrence L. Doolittle* and *Ruth Kessler Toch* of counsel), for State of New York, appellant.

*Roberts & Pratt* (*Abelove, Siegel, Abelove & Hester,* by *C. Louis Abelove,* of counsel), for intervenor-appellant.

*Kenneth P. Ray* for respondents.

WITMER, J. These appeals are from a judgment dismissing a petition brought by the Sheriff, County Clerk and District Attorney of Oneida County, all Republicans, and the Democratic candidate for District Attorney of such county, intervenor, which sought a judgment (1) declaring invalid the provisions of the Oneida County Charter fixing the terms of petitioners' offices at four years, (2) declaring that the terms of office of petitioners expire on December 31, 1974, and (3) directing respondent Commissioners of Elections to place on the ballot for the general elections to be held on November 5, 1974 the positions of Oneida County Sheriff, County Clerk and District Attorney for terms of three years each, commencing on January 1, 1975 and terminating on December 31, 1977, and to take all necessary steps under the Election Law to permit the election on November 5, 1974 of candidates for the respective positions

of Oneida County Sheriff, County Clerk and District Attorney for such three-year terms.

The resolution of these appeals requires a review of the history of the Oneida County Charter (Local Laws, 1961, No. 3 of County of Oneida), articles XVI, XVII, and XVIII of which provide that the positions of sheriff, county clerk, and district attorney shall be for four-year terms, and subdivision (a) of section 13 of article XIII of the State Constitution and subdivision 1 of section 400 of the County Law which provide that the terms for such offices in counties outside of the City of New York shall be for three years each.[1]

Oneida County's Charter was adopted pursuant to approval by the voters of that county in November, 1961 under the " Home Rule " authority then contained in subdivision (a) of section 2 of article IX of the State Constitution. It provided for four-year terms for the offices of sheriff, county clerk and district attorney in Oneida County, to commence on January 1, 1964 following the general elections of 1963. At that time section 5 of article IX of the Constitution (now subdivision [a] of section 13 of article XIII) provided: " Except in counties in the city of New York and except *as authorized in section two of this article,* sheriffs, clerks of counties, [and] district attorneys * * * shall be chosen by the electors of the respective counties once in every three years " (emphasis added). Section 400 of the County Law also provided that " there shall be elected a sheriff, county clerk, [and] district attorney * * *. The term of office of each such officer shall continue to be three years from and including the first day of January next succeeding his election ".

Special Term concluded that the above requirements of the Constitution and section 400 of the County Law, by reason of subdivision (b) of section 2 of the County Law, are not applicable in Oneida County because of the adoption of the Oneida County Charter. We cannot agree with such conclusion.

The phrase in section 5 of article IX of the Constitution, " except as authorized in section two of this article " refers to subdivision (d) of section 2 as it existed effective January 1,

1. Note: By amendment effective January 1, 1973 subdivision (a) of section 13 of article XIII of the Constitution provides that a county district attorney " shall be chosen by the electors once in every three or four years as the legislature shall direct ". Since the Legislature has made no direction under such amendment, except with respect to the Counties of Ulster and Nassau (County Law, § 400, subds. 1-a and 1-b), the provisions of section 400 of the County Law fixing the terms of office of district attorneys at 3 years still apply in Oneida County.

1959, relating to county officers, which provided that: " Any such form of [alternative county] government may provide for the *appointment* of any county officers or their *selection* by any method of nomination and election, or the *abolition* of their offices " (emphasis added). In the general elections of November, 1963, section 5 of article IX of the Constitution was repealed and was re-enacted as subdivision (a) of section 13 of article XIII. Although in major part it was continued as theretofore, the reference in the above-quoted exception clause was changed from section 2 to section 1, and reads as follows: " Except in counties in the city of New York and except as authorized in section one of article nine of this constitution, sheriffs, clerks of counties, [and] district attorneys * * * shall be chosen by the electors of the respective counties once in every three years ".

Revised section 1 (subd. [h], par. [1]) of article IX of the Constitution provides in part that counties " may abolish one or more offices, departments ". This subsection, therefore, is the successor of the above-quoted subdivision (d) of section 2 of former article IX of the Constitution and is the provision to which the exception clause now contained in subdivision (a) of section 13 of article XIII refers. This exception clause as so interpreted was designed only to free from the constitutional mandate regarding terms of office those local governments which had abolished or transferred the functions of such county offices to other departments. No provision was made for altering the terms of office of sheriff, county clerk or district attorney where such offices continue to exist and indeed subdivision (a) of section 13 of article XIII of the Constitution, as did section 5 of former article IX, requires except as noted below that such officers " shall be chosen * * * once in every three years ".[2] We find no indication of any intent in the Constitution or in the legislative action thereunder to permit local county governments to establish disparate, unbridled terms in the offices of sheriff, county clerk or district attorney.

It should be observed that by an amendment to subdivision (a) of section 13 of article XIII of the Constitution effective January 1, 1973 it is provided that: " In each county a district attorney shall be chosen by the electors once in every three or four years as the legislature shall direct." The office of district attorney, therefore, has been removed from that portion

---

2. Note: This interpretation is supported in the discussion of the subject by the Temporary State Commission on the Constitutional Convention, booklet 14, published in 1967, pp. 199 and 203.

of subdivision (a) of section 13 which contained the exception clause herein interpreted. In view thereof much of the argument in this case with respect to the office of district attorney is not in point.

The Constitution now exclusively authorizes the Legislature to establish the terms of office for county district attorneys. Subdivision 1 of section 400 of the County Law represents such legislative action and, with the exception of Ulster and Nassau Counties,[3] directs that district attorneys shall be elected every three years.

For these reasons we hold that the Oneida County Charter provisions fixing the terms of office of the sheriff, county clerk and district attorney at four years are unconstitutional and invalid, and that petitioners and intervenor are entitled to a judgment declaring such invalidity and that the terms of such offices are for three years respectively and granting the petition in all respects.

MARSH, P. J., MOULE, MAHONEY and GOLDMAN, JJ., concur.

Judgment unanimously reversed without costs and petition granted in accordance with opinion by WITMER, J.

---

3. By amendments to section 400 enacted in 1973, the term of office for district attorneys elected in Ulster and Nassau Counties shall be four years.