### (October 24, 1978)

■ In the Matter of ROBERT CANTRELL et al., Appellants, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, Respondents.—In a proceeding to require the respondents to submit to the voters at the general election to be held on November 7, 1978 a ballot which does not contain a referendum with respect to proposed Local Law 11-78 of Westchester County, the appeal is from a judgment of the Supreme Court, Westchester County, dated October 12, 1978, which granted the respondents' cross motion to dismiss the petition. Judgment reversed, on the law, without costs or disbursements, application granted, cross motion denied and the respondents are directed to submit to the voters a ballot which does not contain a referendum with respect to proposed Local Law 11-78. Proposed Local Law 11-78, to be submitted to the voters as a proposition in the 1978 general election, amends the Westchester County Charter and Administrative Code, by, *inter alia,* creating a new Department of Public Safety Services, headed by an appointed "Commissioner/Sheriff", which is to perform the functions of the Sheriff's office and the Westchester County Parkway Police. Petitioners raise numerous legal objections to the validity of this local law, many of which have merit. Thus, for example, although it is clear that a county may abolish or transfer the functions of the office of Sheriff to another department (NY Const, art XIII, § 13, subd [a]; art IX, § 1, subd [h], par [1]; see *Matter of Enders v Rossi,* 45 AD2d 447, affd 34 NY2d 966), it may not abolish the constitutional office of Sheriff during the term of an elected incumbent, which is the case here. The fact that the subject local law designates the incumbent elected Sheriff as the first appointee to the

office of "Commissioner/Sheriff" does not overcome the constitutional defect and is, in and of itself, highly improper. We would also note that the proposed local law is poorly drafted (see § 89-c) and internally inconsistent as to its effective date and as to the expiration date of the first commissioner's four-year term. Since proposed Local Law 11-78 is beyond the powers of the local Legislature to enact, and violative of the State Constitution, the judgment under review must be reversed and the application granted directing that the ballot to be submitted to the voters at the 1978 general election not contain a referendum with respect to Local Law 11-78. We would emphasize, however, lest there be any doubt, that there is no reason why a carefully drafted local law, abolishing the office of Sheriff in accordance with constitutional mandates, cannot pass judicial muster. Mollen, P. J., Hopkins, Titone and O'Connor, JJ., concur.