John W. Park, Esq. County Attorney Ontario County
You have asked whether Ontario County, not a charter county, acting under the home rule power of Article IX of the Constitution and the Municipal Home Rule Law may enact a local law providing that the board of supervisors may fill a vacancy occurring during the term of an elective county office. You also ask whether the local law, if within the county's home rule power, would be subject to either a mandatory or a permissive referendum.
It is now settled that a non-charter county has the home rule power to supersede subdivision 7 of section 400 of the County Law and section 43 of the Public Officers Law at least to the extent of providing for the filling of a vacancy in the office of county legislator (Resnick v County of Ulster, 44 N.Y.2d 279 [1978]). Although Resnick
dealt only with county legislators, the Court's sweeping language clearly embraces all other elective county offices unless there is a contrary constitutional or specific legislative restriction on this home rule power.
Section 400 (7) provides that the Governor shall fill vacancies in the office of county judge, surrogate, and judge of the family court. Section11 of the Municipal Home Rule Law restricts a local government's power to supersede a State statute if the local law "[a]pplies to or affects the courts as required or provided by" Article VI of the Constitution (subd 1, par e). Thus, vacancies in these judicial offices remain subject to the Governor's power under section 400 (7).
The only other elective county offices that are arguably not subject to the home rule power upheld in Resnick are the offices of district attorney, sheriff, and county clerk. Here, the problem is that these offices are named in the Constitution (Art. XIII, § 13). For many years these three offices have been considered county offices. See, for example, section 2 of the Public Officers Law. Section 400
of the County Law itself lists these three offices and a separate article of the County Law deals extensively with the powers and duties of each office. Likewise, there are cases holding that these officers are not State officers for whose acts the State is liable (Fisher v State,10 N.Y.2d 60 [1961] [district attorney]; Fonfa v State, 88 Misc.2d 343
[Ct Cl, 1976] [sheriff]).
In 1979, the Court of Appeals in Westchester County Civil ServiceEmployees Assn v Del Bello, 47 N.Y.2d 886, held that a charter county under its home rule powers could abolish the office of sheriff prior to the expiration of the sheriff's term and transfer his functions to a new department with an appointed Commissioner/Sheriff. This is a clear holding that a sheriff is a county officer.
The only significant argument that has been made in the last hundred years concerning the status of district attorney, sheriff, and county clerk as State officers has involved the section of the Constitution prohibiting an increase in compensation for "state officers named in this constitution" during the term for which they were elected (Art XIII, § 7). We issued an opinion on November 21, 1979, to the effect that, in light of the Del Bello case, even this limited status of district attorneys, sheriffs, and county clerks as State officers no longer obtains. Even if one holds to the traditional view that these officers are "state officers named in this constitution", it does not follow that they are State officers for any other purpose. Section 13 of Article XIII contains provisions that cannot be superseded by local law, but these provisions are applicable whether the officer is a State officer or a county officer. For example, notwithstanding Del Bello, a county cannot make the office of sheriff appointive or change the length of the term of the elective sheriff. (See, Enders v Rossi, 45 A.D.2d 447 [4th Dept, 1974], affd 34 N.Y.2d 966.)
Section 13 (a) provides that a county clerk "be chosen by the electors * * * once in every three years and whenever the occurring of vacancies shall require." This does not mean that nobody has the power to fill a vacancy temporarily by appointment. Section 3 of Article XIII commands the Legislature to provide for the filling of vacancies but restricts the Legislature in the case of vacancies in elective offices by providing that appointees may serve no "longer than the commencement of the political year [January 1] next succeeding the first annual election after the happening of the vacancy." In the case of elective county offices, including district attorneys, sheriffs, and county clerks the Legislature carried out the command by giving the Governor the duty of filling those vacancies temporarily (County Law, § 400 [7]).
In the Resnick case, supra, counsel made the argument that section 3 of Article XIII granted exclusive power to the Legislature to provide for the filling of vacancies. The argument was rejected. It follows that the power granted to counties to enact a local law concerning the "mode of selection * * * of its officers" (Municipal Home Rule Law, § 10 [1] [ii] [a] [1]), constitutes a delegation in part of the Legislature's power over filling vacancies, a delegation consistent with the home rule grant in Article IX. In fact, one of the reasons that the Court inResnick gave for rejecting reliance on the Legislature's power under section 3 of Article XIII was that Article IX was adopted subsequently.
We conclude that a county by local law may empower its legislative body temporarily to fill a vacancy in an elective county office other than county judge, surrogate, or family court judge until the vacancy can be filled at an election. As you have noted, the practical way to draft your local law is to follow section 42 of the Public Officers Law, which provides that a vacancy occurring before September 20 is to be filled at the next general election and a vacancy occurring later is to be filled in the following year.
Your proposed local law is not subject to a referendum. A local law adopted under section 10 of the Municipal Home Rule Law is subject to a referendum only as required by sections 23 and 24 of that law. The only provision in either section that could conceivably be applicable is the requirement for a mandatory referendum if the local law curtails a "power of an elective officer". But this would apply only if the Governor is included in the term "elective officer". This is obviously not the case. The mandatory referendum is designed to let the voters decide whether the officers whom they elected to local office are to lose powers that were vested in them when the voters chose them. The provision cannot have applicability to a statutory power of an officer elected Statewide.