(October 6, 1993)

■ In the Matter of ALLEN H. ROTH, Respondent, v CARLOS CUEVAS et al., Appellants. [603 NYS2d 736] —Judgment, Supreme Court, New York County (Evans, J.), entered September 27, 1993, affirmed, without costs. Concur—Rosenberger, J. P., Kupferman and Nardelli, JJ.

Wallach, J., dissents in a memorandum as follows: I would reverse the judgment appealed from in this Election Law special proceeding brought pursuant to sections 16-100 and 16-116 of the Election Law by which respondents have been ordered to place on the ballot for the general election scheduled to be held on November 2, 1993, an initiative seeking to add to the New York City Charter a provision establishing limits of two consecutive terms only for the offices of the Mayor, the Comptroller, the Public Advocate, the Borough Presidents, and New York City Councilmembers.

I am unpersuaded that simply because the City Charter provides fixed terms for the specified public officeholders, a proposal so sweeping as this can be regarded as an "amendment" within the limitations of Municipal Home Rule Law § 37. In similar cases the rejection of proposed Charter amendments has been sustained by the courts *(Matter of Sinawski v Cuevas,* 133 Misc 2d 72, *affd* 123 AD2d 548, *lv denied* 68 NY2d 609; *Matter of Adams v Cuevas,* 133 Misc 2d 63, *affd* 123 AD2d 526, *affd* 68 NY2d 188; *Matter of Fossella v Dinkins,* 66 NY2d 162).

A term of office is one thing; a disqualification from office based solely on prior service is quite another level of legisla-

tion, for which a voter petition initiative is not authorized by law.

Application for leave to appeal to the Court of Appeals is granted, and this Court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals.