(October 29, 2009)

■ In the Matter of ARTHUR J. WALSH et al., Appellants-Respondents, v ANITA S. KATZ et al., Respondents, and DANIEL C. ROSS, Defendant and Third-Party Plaintiff-Respondent-Appellant. STATE OF NEW YORK, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [888 NYS2d 549]—

In a proceeding pursuant to Election Law § 16-102, inter alia, in effect, to invalidate a petition designating Daniel C. Ross as a candidate in a primary election that was held on September 15, 2009 for the nomination of the Democratic Party as its candidate for the public office of Town Justice, Fishers Island, Town of Southold, and, if necessary, to prohibit the name of Daniel C. Ross from being placed on the ballot in a general election to be held on November 3, 2009 as the candidate of the Democratic Party for that public office, in which Daniel C. Ross, in effect, cross-petitioned, among other things, to validate the designating petition, and in which that branch of the cross petition which was to annul L 1860, ch 113, § 2, as amended by L 1898, ch 373, § 1, as further amended by L 1977, ch 276, § 1, was converted into a counterclaim and a third-party cause of action for a judgment declaring that such law is unconstitutional, Arthur J. Walsh and Nina J. Schmid appeal from stated portions of a final order of the Supreme Court, Suffolk County (Spinner, J.), dated September 14, 2009, which, inter alia, denied the petition, dismissed the proceeding, and granted that branch of the cross petition which was to validate the designating petition, Daniel C. Ross cross-appeals from stated portions of the same final order which, among other things, established January 30, 2010, as the date by which he must become a resident of Fishers Island to qualify for the public office of Town Justice, Fishers Island, Town of Southold, should he be elected to that public office, and the State of New York separately appeals from stated portions of the same final order, which, inter alia, joined it as a third-party defendant.

Ordered that the final order is modified, on the law, (1) by deleting from the first decretal paragraph thereof the words "without prejudice to renew their request of [*sic*] the issue of Respondent Ross' residency, should Respondent Ross fail to prevail on the remainder of this action carried forth as a Declaratory Judgment action," (2) by deleting from the fourth decretal paragraph thereof any reference to the State of New York, and (3) by deleting the provision thereof establishing January 30, 2010, as the date by which Daniel C. Ross must become a resident of Fishers Island to qualify for the public office of Town Justice, Fishers Island, Town of Southold, should he be elected to that public office, and substituting therefor a provision establishing January 1, 2010, as the appropriate date; as so modified, the final order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the severance of the third-party cause of action and counterclaim for a declaratory judgment, and the entry of a

judgment declaring that Daniel C. Ross did not establish that the challenged law is unconstitutional.

Pursuant to L 1860, ch 113, § 2, as amended by L 1898, ch 373, § 1, as further amended by L 1977, ch 276, § 1, the Legislature provided for a fifth Town Justice for the Town of Southold, in the County of Suffolk. The holder of that seat (hereinafter the Fishers Island seat) also was to serve as a member of the Town Board of the Town of Southold (hereinafter the Town Board), and was required to reside on Fishers Island.

Daniel C. Ross sought to have his name placed on the ballot for the nomination of the Democratic Party as its candidate for the Fishers Island seat and, thus, filed a designating petition with the Suffolk County Board of Elections (hereinafter the Board of Elections), despite the fact that he is not a resident of Fishers Island. Arthur J. Walsh and Nina J. Schmid (hereinafter together the petitioners), two residents of Fishers Island, filed objections to Ross's designating petition on the ground that Ross did not meet the residency requirement. The Commissioners of the Board of Elections denied the objections and thereby upheld the designating petition.

The petitioners commenced this proceeding seeking, inter alia, to prohibit Ross's name from being placed on the ballot for the general election to be held on November 3, 2009 based on his failure to meet the residency requirement. In response, Ross counterclaimed and, in effect, cross-petitioned to validate the designating petition, challenging, among other things, the constitutionality of the residency requirement.

In a final order dated September 14, 2009, the Supreme Court determined that the person elected to the Fishers Island seat is required to meet the residency requirement within 30 days after the commencement of the term of office, here, in effect, by January 30, 2010, rather than at the time the designating petition was filed. The court, therefore, denied the petition and dismissed the proceeding, albeit without prejudice to the petitioners' right to renew, and converted one of Ross's counterclaims and one branch of his cross petition into a counterclaim and third-party cause of action for a judgment declaring that the law containing the residency requirements is unconstitutional. The petitioners appeal, Ross cross-appeals, and the State of New York separately appeals from stated portions of the final order.

The petitioners and Ross ask that we address the constitutionality of the statute and, under the circumstances, we agree that it is appropriate for us to do so. "While it may be possible to dispose of this particular appeal without deciding this question

of constitutionality, nevertheless it is fairly presented to us, and public interests require that it should be determined" (*People ex rel. Unger v Kennedy*, 207 NY 533, 540-541 [1913]; *see Skelos v Paterson*, 13 NY3d 141, 147 [2009]).

The statute must be upheld against an equal protection challenge if the residency requirement is rationally related to a legitimate State interest (*see Matter of Rosenstock v Scaringe*, 40 NY2d 563, 564 [1976]; *Galbraith v New York Conservative Party*, 155 AD2d 183, 185 [1990]; *Matter of Roth v Cuevas*, 158 Misc 2d 238, 252-253 [1993], *affd* 197 AD2d 369 [1993]; *see also Golden v Clark*, 76 NY2d 618 [1990]). Here, given the location of Fishers Island and its distance from the rest of the Town of Southold, the requirement that the holder of the Fishers Island seat be a resident of Fishers Island ensures that the Town Board will have at least one member who has firsthand knowledge of the unique circumstances and problems faced by Fishers Island residents, and facilitates the full participation of those residents in Town governance (*see Dusch v Davis*, 387 US 112, 116 [1967]). Significantly, although the holder of the Fishers Island seat must be a resident of Fishers Island, all six members of the Town Board, including the Town Supervisor, are elected at large by the entire town electorate, and none is elected solely by the residents of Fishers Island (*see Dallas County v Reese*, 421 US 477, 480 [1975], citing *Fortson v Dorsey*, 379 US 433, 438 [1965]; *cf. Board of Estimate of City of New York v Morris*, 489 US 688, 690 [1989]). Accordingly, upon the specific challenge before us, Ross's contention that the residency requirement is unconstitutional is without merit.

The Supreme Court erred in finding that the candidate for this particular office would not be required to meet the constitutional and statutory requirements of the office until 30 days after the commencement of the term of office, here, January 30, 2010. The Election Law provides that "[a] person shall not be designated or nominated for a public office or party position . . . who, if elected will not at the time of commencement of the term of such office or position, meet the constitutional or statutory qualifications thereof or, with respect to judicial office, who will not meet such qualifications within thirty days of the commencement of the term of such office" (Election Law § 6-122 [3]). In light of the unique dual role of the public office sought by Ross, requiring the office holder to serve not only as a Town Justice, but as a member of the Town Board, the earlier date provided for by Election Law § 6-122 (3) applies.

We note that, when the constitutionality of a statute is challenged in an action or proceeding to which the State is not a

party, the Attorney General may, upon notification of the challenge, choose to intervene in support of its constitutionality if he or she be so inclined (*see* CPLR 1012 [b] [1], [3]; Executive Law § 71). There is no authority, however, for the Supreme Court to compel the Attorney General to intervene, or to join the State as a party in such case.

The petitioners' remaining contentions are without merit.

Inasmuch as this proceeding was converted, in part, into a declaratory judgment action, the matter must be remitted for the severance of the third-party cause of action and counterclaim for a declaratory judgment, and the entry of a judgment declaring that Daniel C. Ross did not establish that L 1860, ch 113, § 2, as amended by L 1898, ch 373, § 1, as further amended by L 1977, ch 276, § 1, is unconstitutional (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.