(August 16, 2013)

■ In the Matter of MAUREEN S. HOERGER et al., Appellants, v THOMAS J. SPOTA III et al., Respondents. [970 NYS2d 592]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Thomas J. Spota III as a candidate in a primary election to be held on September 10, 2013, for the nominations of the Democratic, Republican, Conservative, and Independence Parties as their candidate for the public office of District Attorney for the County of Suffolk, the petitioners appeal from a final order of the Supreme Court, Suf-

folk County (Farneti, J.), dated August 8, 2013, which, after a hearing, denied the petition to invalidate the designating petitions and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

"[A] court's jurisdiction to intervene in election matters is limited to the powers expressly conferred by statute" (*Matter of Scaringe v Ackerman*, 119 AD2d 327, 328 [1986] [internal quotation marks omitted], *affd* 68 NY2d 885 [1986], citing *Matter of Mansfield v Epstein*, 5 NY2d 70, 74 [1958]; *see Matter of Lisa v Board of Elections of City of N.Y.*, 54 AD2d 746 [1976], *affd* 40 NY2d 911 [1976]). Election Law § 16-102 (1) expressly confers upon the Supreme Court jurisdiction over proceedings to contest the nomination or designation of a candidate for any public office. The substantive qualifications for candidates in the election process are set forth in Election Law § 6-122, which provides, inter alia, that a person shall not be designated or nominated for a public office who is "ineligible to be elected to such office or position" (Election Law § 6-122 [2]).

Here, the petitioners alleged that the respondent Thomas J. Spota III was ineligible for designation as a candidate for the public office of District Attorney for the County of Suffolk. In support, they relied on Local Law No. 27-1993 of the County of Suffolk (hereinafter Local Law No. 27-1993), which, among other things, provides that "[n]o person shall serve as District Attorney for more than [12] consecutive years." This term limit law was added to the Suffolk County Charter as a result of a public referendum that passed with the support of more than 70% of the County's voters. While it is undisputed that, at the conclusion of his current term as District Attorney for the County of Suffolk on December 31, 2013, Spota will have served in such office for 12 consecutive years, he argued, inter alia, that Local Law No. 27-1993 could not be enforced against him because that local law had been invalidated by the Supreme Court, insofar as it pertained to the "state" office of the District Attorney for the County of Suffolk, in a separate action entitled *Spota v County of Suffolk* (2012 NY Slip Op 32473[U] [Sup Ct, Suffolk County 2012]).

The Suffolk County Board of Elections accepted Spota's argument in this regard, and determined that the subject designating petitions were valid. In the instant proceeding, the Supreme Court, in reliance upon the determination in *Spota v County of Suffolk* (*id.*), denied the petition to invalidate the petitions designating Spota as a candidate for the public office of District Attorney for the County of Suffolk, and dismissed the proceeding.

"As a matter of constitutional and statutory delegation, local governments are authorized to legislate in enumerated areas of local concern, subject to the Legislature's overriding interest in matters of statewide concern" (*Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 399 [2003]). One such "enumerated area" of local concern—which is at issue in this case—is the power of a local government to adopt laws relating to "[t]he powers, duties, qualifications, number, mode of selection and removal, *terms of office*, compensation, hours of work, protection, welfare and safety of its officers and employees" (NY Const, art IX, § 2 [c] [1] [emphasis added]; *see* Municipal Home Rule Law § 10 [1] [ii] [a] [containing nearly identical language]).

The District Attorney of every county prosecutes on behalf of the People of the State of New York, not on behalf of the people of any particular county. Although the Court of Appeals has determined that District Attorneys should be considered local officers, and not state officers within the meaning of article XIII, § 7 of the New York Constitution (*see Matter of Kelley v McGee*, 57 NY2d 522, 534-535 [1982]), the Court, in the same breath, recognized that the office of District Attorney, "having as its responsibility the enforcement, on a local level, of the penal laws of this State and the representation of the people of this State in criminal matters arising within the county, is a matter of concern to the State" (*id.* at 539). Moreover, despite this interpretation of the specific term "state officer[ ]" as it appears in article XIII, § 7 of the New York Constitution, the Court of Appeals subsequently confirmed that a District Attorney is a "constitutional officer" (*Matter of Curry v Hosley*, 86 NY2d 470, 472 [1995]). In light of the State's sufficiently important interest in the office of District Attorney, and despite the fact that article IX of the New York Constitution specifically grants power to local governments over, among other things, the "compensation" and "mode of selection" of their officers, our courts have held, for example, that state laws regulating the salary to be paid to District Attorneys (*see Matter of Kelley v McGee*, 57 NY2d at 539 n 14) and state laws governing the filling of a vacancy in the office of District Attorney (*see Carey v Oswego County Legislature*, 91 AD2d 62 [1983], *affd* 59 NY2d 847 [1983]) cannot be superseded by inconsistent local legislation.

The legislation in the case at bar undoubtedly relates to the "terms of office" of the office of the District Attorney for the County of Suffolk (*see Matter of Roth v Cuevas*, 158 Misc 2d 238 [Sup Ct, NY County 1993], *affd* 197 AD2d 369 [1993], *affd for reasons stated in op by Sup Ct* 82 NY2d 791 [1993]). However,

the County's attempt to place a term limit on the office of District Attorney is impermissible. Since the office of District Attorney is not a local office falling within the ambit of NY Constitution, article IX, § 2 (c) (1) or Municipal Home Rule Law § 10 (1) (ii) (a), the County had no authority to place restrictions on the District Attorney's terms of office. Further, even if the District Attorney is a local office falling within NY Constitution, article IX, § 2 (c) (1) and Municipal Home Rule Law § 10 (1) (ii) (a), the New York Constitution and state law, together, so expansively and comprehensively regulate the office, that a county government's ability to place restrictions on a District Attorney's terms of office has been preempted.

In this case, contrary to the conclusion of the dissent, the State has preempted the issue of term limits for District Attorneys. As the Municipal Home Rule Law's grant of power does not include the authority for a local government to enact legislation inconsistent with state law relating to a subject of sufficient concern to the State, Local Law No. 27-1993, to the extent that it purports to impose term limitations on the office of the District Attorney for the County of Suffolk, is infirm. This is not, as the dissent concludes, a case of mere legislative silence or inaction.

Article XIII, § 2 of the New York Constitution provides, in pertinent part, that "[w]hen the duration of any office is *not* provided by this constitution it may be declared by law" (NY Const, art XIII, § 2 [emphasis added]). With respect to the office of District Attorney, the New York Constitution specifically provides that District Attorneys "shall" be elected "once in every three or four years as the legislature shall direct" (NY Const, art XIII, § 13 [a]). The amendment of the New York Constitution in 1973 to include this provision signified that "[t]he constitution now exclusively authorizes the Legislature to establish the terms of office for county district attorneys" (*Matter of Enders v Rossi*, 45 AD2d 447, 450 [1974], *affd* 34 NY2d 966 [1974] [reviewing history of constitutional amendments]). In accordance with this constitutional directive, the County Law provides for a four-year term of office for District Attorneys outside of New York City (*see* County Law § 400 [1-a]). In this same section, the County Law provides for, among other things, the District Attorneys' "manner of selection [and] vacancies" (County Law § 400). There is "no indication of any intention in the constitution or in the legislative action thereunder to permit local county governments to establish disparate, unbridled terms in the office[ ] of . . . district attorney" (*Matter of Enders v Rossi*, 45 AD2d at 449 [finding unconstitutional a provision of

the Oneida County Charter fixing a term limit for District Attorney inconsistent with former County Law § 400]).

Pursuant to the maxim of statutory construction "expressio unius est exclusio alterius," "where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see Trotta v Ollivier*, 91 AD3d 8, 10-11 [2011]; *Matter of Town of Eastchester v New York State Bd. of Real Prop. Servs.*, 23 AD3d 484, 485 [2005]). Here, in light of the fact that the New York Constitution and state law speak to the duration and term of office of the District Attorney, there is an irrefutable inference that the imposition of any limit on the duration of that office was intended to be omitted or excluded (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 240; *Matter of Town of Eastchester v New York State Bd. of Real Prop. Servs.*, 23 AD3d at 485; *see also Matter of Wendell v Lavin*, 246 NY 115, 123 [1927] ["(t)he same rules apply to the construction of a Constitution as to that of statute law"]). Indeed, regarding County Court judges, the New York Constitution provides for a 10-year term (*see* NY Const, art VI, § 10 [b]) and a maximum duration to age 70 (*see* NY Const, art VI, § 25 [b]). That the Constitution imposed a durational limit on County Court judges, but not on District Attorneys, who are also "constitutional officers," indicates that the omission was intentional and that it was intended that there be no durational limit on District Attorneys.

While the dissent relies on *Matter of Roth v Cuevas* (158 Misc 2d 238 [Sup Ct, NY County 1993], *affd* 197 AD2d 369 [1993], *affd* 82 NY2d 791 [1993]), the central issue in that case was term limits placed upon the New York City Mayor, Public Advocate, Comptroller, the borough presidents for the five boroughs of the City of New York, and members of the New York City Council, officers over which the State has no paramount interest. In contrast, the term limit legislation at issue here would affect "constitutional officer[s]," including the District Attorney (*Matter of Curry v Hosley*, 86 NY2d at 472 [internal quotation marks omitted]), an officer whose responsibilities are a matter of statewide concern.

Accordingly, as determined by the Supreme Court in *Spota v County of Suffolk* (2012 NY Slip Op 32473[U] [2012]), it was beyond the power of the County to restrict the number of consecutive years that a person may serve as District Attorney for the County of Suffolk. Under our existing law, the authority to promulgate such a restriction is vested with and retained by the

State. As such, the petition to invalidate the petitions designating Spota as a candidate for the public office of District Attorney for the County of Suffolk was properly denied and the proceeding was properly dismissed. Angiolillo, Chambers and Cohen, JJ., concur.

Dillon, J.P., dissents and votes to reverse the final order, grant the petition to invalidate the designating petitions, and direct the Suffolk County Board of Elections to remove the name of Thomas J. Spota III from the appropriate ballots, with the following memorandum, in which Dickerson, J., concurs: We respectfully dissent.

The "home rule" provisions of the New York Constitution and the Municipal Home Rule Law require that local laws enacted by local governments not be inconsistent with the provisions of the New York Constitution or any general law (*see* NY Const, art IX, § 2 [c]; Municipal Home Rule Law § 10 [1] [i]). The Municipal Home Rule Law empowers a county to adopt and amend local laws, which are not inconsistent with state constitutional or general law, relating to "[t]he powers, duties, qualifications, number, mode of selection and removal, [and] terms of office . . . of its officers" (Municipal Home Rule Law § 10 [1] [ii] [a] [1]; *see Matter of Kelley v McGee*, 57 NY2d 522, 539 [1982] [concluding that District Attorneys must be considered local officers]).

The theory behind home rule is that local issues or problems, in which the State has no concern, can be handled locally (*see* Municipal Home Rule Law § 10). The mere fact that a local law may deal with some of the same matters touched upon by the State does not render the local law invalid (*see People v Judiz*, 38 NY2d 529, 531 [1976]; *People v Lewis*, 295 NY 42, 51 [1945]; *McDonald v New York City Campaign Fin. Bd.*, 40 Misc 3d 826, 849 [Sup Ct, NY County 2013] [city election finance law not in conflict with state election law]). It is only where the State has evidenced a desire or design to occupy an entire field to the exclusion of local law that the locality is powerless to act (*see People v Judiz*, 38 NY2d at 532; *Wholesale Laundry Bd. of Trade v City of New York*, 17 AD2d 327 [1962], *affd* 12 NY2d 998 [1963]; *McDonald v New York City Campaign Fin. Bd.*, 40 Misc 3d 826, 849 [2013]).

The New York Constitution provides for the election of District Attorneys "as the legislature shall direct" (NY Const, art XIII, § 13). In accordance with this constitutional provision, County Law § 400 provides for the District Attorneys' "manner of selection; term; [and] vacancies." However, as the petitioners correctly point out, there is no state constitutional or statutory

provision which specifically prohibits, directs, or even addresses any limitation on the *number* of consecutive terms an individual may serve as District Attorney or which, conversely, expressly grants an incumbent the right to an indefinite, unlimited number of terms in office (*see also Matter of Roth v Cuevas,* 158 Misc 2d 238 [Sup Ct, NY County 1993], *affd* 197 AD2d 369 [1993], *affd for reasons stated in op by Sup Ct* 82 NY2d 791 [1993]). The majority's reliance upon *Matter of Enders v Rossi* (45 AD2d 447 [1974], *affd* 34 NY2d 966 [1974]) is misplaced, as that case did not involve term limits, but instead involved a County's impermissible attempt, through a County Charter provision, to fix the term of office of the District Attorney at four years, in contravention of then County Law § 400 (1), which directed that District Attorneys be elected every three years. Here, Suffolk County did not change the term of office set by state statute; it merely limited the number of terms.

Article XIII, § 13 (a) of the New York Constitution provides that District Attorneys shall be elected for three-year or four-year terms as the legislature shall direct. Contrary to the conclusion of the Supreme Court in *Spota v County of Suffolk* (2012 NY Slip Op 32473[U] [2012]), and of our colleagues in the majority, the State has not expressly or impliedly preempted the issue of how many terms a District Attorney may serve. "Silence on an issue should not be interpreted as an expression of legislative intent" (*Matter of Roth v Cuevas,* 158 Misc 2d at 247). Moreover, there is nothing in Local Law No. 27-1993 of the County of Suffolk (hereinafter Local Law No. 27-1993) that is inconsistent with New York State constitutional or statutory pronouncements that define the length of each District Attorney's term in office. We disagree with our colleagues that under the maxim of "expressio unius est exclusio alterius," an irrefutable inference must be drawn that the State's specification of the duration of discrete District Attorney terms, without mention of term limits, means that the exclusion of term limit language was intentional. The reason the maxim does not apply here is that the particular duration of District Attorney terms, and the number of terms a District Attorney may or may not consecutively hold, are two separate and distinct subject areas, and it does not follow that the State's addressing of one bears any necessary or inferential relationship to the other. County Law § 400 (1-a), which presently establishes a four-year term for District Attorneys serving outside of the City of New York, was first enacted in 1909 (*see* County Law of 1909, ch 16). Our state constitution is even older. New York's Municipal Home Rule Law, through which the Suffolk County term-limit referendum was passed, was enacted in 1963 (*see* L 1963, ch 843). The

concept of term limits by public referendum is relatively new, so it cannot be inferred that the concept was considered at the time of the constitutional and statutory pronouncements pertaining to the duration of District Attorney terms. Therefore, that part of Local Law No. 27-1993 which imposes term limits on the office of the District Attorney for the County of Suffolk, is not infirm.

Accordingly, the Supreme Court should have granted the petition to invalidate the designating petitions.