[997 NE2d 1229, 975 NYS2d 377]

In the Matter of Maureen S. Hoerger et al., Appellants, v Thomas J. Spota III, Respondent, et al., Respondent.

Argued August 21, 2013; decided August 22, 2013

**POINTS OF COUNSEL**

*Martin E. Connor,* Brooklyn, for appellants. The state constitutional provision providing that the term of office for district attorney be either three or four years, and the state legislation setting the term of the office in Suffolk County at four years, relates solely to the term to be served between elections. It does not address how many of such terms a person may consecutively hold. (*Matter of Kelley v McGee,* 57 NY2d 522.)

*Harris Beach PLLC,* Uniondale (*Thomas J. Garry* of counsel), and *Kevin G. Snover,* North Babylon, for respondent. I. The Appellate Division correctly interpreted the Constitution. (*Matter of Wendell v Lavin,* 246 NY 115; *Trotta v Ollivier,* 91 AD3d 8; *Matter of Town of Eastchester v New York State Bd. of Real Prop. Servs.,* 23 AD3d 484; *Matter of Jewish Home & Infirmary of Rochester v Commissioner of N.Y. State Dept. of Health,* 84 NY2d 252.) II. The public office of district attorney is a constitutional office. (*Matter of Curry v Hosley,* 86 NY2d 470; *Matter of Schumer v Holtzman,* 60 NY2d 46; *Matter of People v Christensen,* 77 AD3d 174; *Matter of Soares v Herrick,* 88 AD3d 148, 20 NY3d 139; *Matter of Caputo v Halpin,* 78 NY2d 117; *Fisher v State of New York,* 10 NY2d 60.) III. The public office of district attorney is a matter of state concern. (*Matter of Kelley v McGee,* 57 NY2d 522; *Carey v Oswego County Legislature,* 91 AD2d 62, 59 NY2d 847; *U.S. Term Limits, Inc. v Thornton,* 514 US 779; *Matter of Town of Islip v Cuomo,* 64 NY2d 50; *Adler v Deegan,* 251 NY 467; *City of New York v State of New York,* 94 NY2d 577; *Uniformed Firefighters Assn. v City of New York,* 50 NY2d 85; *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91; *Kamhi v Town of Yorktown,* 74 NY2d 423; *Turnpike Woods v Town of Stony Point,* 70 NY2d 735.) IV. The State has preempted the issue of district attorney term limits. (*Matter of Enders v Rossi,* 45 AD2d 447, 34 NY2d 966; *Matter of Kelley v McGee,* 57 NY2d 522; *Carey v Oswego County Legislature,* 91 AD2d 62, 59 NY2d 847.) V. The local law impermissibly imposes an additional qualification for the office of district attorney. (*Carey v Oswego County Legislature,* 91 AD2d 62, 59 NY2d 847; *Baez v Hennessy,* 853 F2d 73; *Matter of Schumer v Holtzman,* 60 NY2d 46; *Matter of Johnson v Pataki,* 91 NY2d 214; *U.S. Term Limits, Inc. v Thornton,* 514 US 779; *Matter of Curry v Hosley,* 86 NY2d 470.)

*Kathleen M. Rice, District Attorney*, Kew Gardens (*John M. Ryan* and *Edward D. Saslaw* of counsel), *Steven A. Bender*, White Plains, *Itamar J. Yeger*, Brooklyn, and *Morrie I. Kleinbart*, Staten Island, for District Attorneys Association of the State of New York, amicus curiae. The qualifications to hold the office of district attorney are established under the Constitution of the State of New York and the laws of the state, and performing a state function is a matter of state law and may not be limited by county or local laws. (*Morrall v County of Monroe*, 271 NY 48; *People v Ramos*, 34 Misc 3d 914; *Matter of Kelley v McGee*, 57 NY2d 522; *Spota v County of Suffolk*, 2012 NY Slip Op 32473[U]; *Carey v Oswego County Legislature*, 91 AD2d 62, 59 NY2d 847; *Baez v Hennessy*, 853 F2d 73; *Matter of Schumer v Holtzman*, 60 NY2d 46; *Matter of Johnson v Pataki*, 91 NY2d 214; *Matter of Roth v Cuevas*, 158 Misc 2d 238; *People ex rel. Town of Pelham v Village of Pelham*, 215 NY 374.)

## OPINION OF THE COURT

Per Curiam.

At issue in this appeal is the validity of Suffolk County's term limit law pertaining to the office of district attorney. Petitioners allege that, as a consequence of such local law, respondent District Attorney Thomas J. Spota III is ineligible to hold the office he seeks. We conclude that the County is without the power to regulate the number of terms the district attorney may serve, and therefore we affirm the order finding the designating petitions valid.

The Suffolk County Legislature imposed term limits on county officials, including the district attorney (*see* Local Law No. 27-1993 of the County of Suffolk). After approval by public referendum, the measure was added to the Suffolk County Charter, which specifies that "[n]o person shall serve as District Attorney for more than 12 consecutive years" (art XIX, § C19-1 [B]). Respondent, who was elected district attorney in 2001, will have served three full four-year terms (or 12 consecutive years) as of December 31, 2013. Spota, however, has been designated as a candidate in the upcoming primary election for the Democratic, Republican, Independence and Conservative Parties.

Petitioner Raymond G. Perini is a candidate for district attorney in the Republican Party primary. Petitioners-objectors

are registered voters who filed objections to respondent's designating petitions with the Suffolk County Board of Elections. They commenced this special proceeding seeking to invalidate the designating petitions. Supreme Court denied the petition and dismissed the proceeding.

The Appellate Division affirmed, finding that the authority to enact a restriction on the number of consecutive years a person can serve as district attorney rests with the State, rather than the County (*see* 109 AD3d 564 [2d Dept 2013]). Two Justices dissented and would have reversed and granted the petition to invalidate the designating petitions. The dissent would have found that the State has neither expressly nor impliedly preempted the issue of the number of consecutive terms that could be served by an individual district attorney and that the County was therefore free to legislate the matter. Petitioners appeal as of right, pursuant to CPLR 5601 (a).

The State Constitution requires that "[i]n each county a district attorney shall be chosen by the electors once in every three or four years as the legislature shall direct" (NY Const, art XIII, § 13 [a]). For counties outside of New York City, the state legislature has determined that the term of office shall be four years (*see* County Law § 400 [1-a]; *Matter of Enders v Rossi*, 45 AD2d 447, 449 [4th Dept 1974], *affd* 34 NY2d 966 [1974] ["We find no indication of any intent in the Constitution or in the legislative action thereunder to permit local county governments to establish disparate, unbridled terms in the office( ) of . . . district attorney"]). In addition, a district attorney is subject to removal from office, not by county officials, but by the Governor (*see* NY Const, art XIII, § 13 [b]). The Governor is likewise vested with the authority to fill a vacancy existing in that office (*see* *Carey v Oswego County Legislature*, 91 AD2d 62 [3d Dept 1983], *affd* 59 NY2d 847 [1983]).

We have therefore recognized that "a [d]istrict [a]ttorney is a constitutional officer chosen by the electors of a county" (*Matter of Soares v Herrick*, 20 NY3d 139, 144 [2012] [internal quotation marks and citations omitted]). In other words, although the district attorney may be an officer serving a county, the office and its holder clearly implicate state concerns (*see* *Matter of Kelley v McGee*, 57 NY2d 522 [1982]). For example, there is a strong state interest in establishing adequate salaries for district attorneys, as the representatives of the People of the State of New York responsible for enforcing the Penal Law at the local level (*see* *Kelley*, 57 NY2d at 539-540).

Existing law further illustrates the necessity of statewide uniformity of qualifications for district attorneys. An individual must be at least 18 years old, a resident of the county and a citizen of the United States (*see* Public Officers Law § 3 [1]). We have also mandated that a district attorney must be an attorney admitted to practice in order to properly fulfill the duties of the office and that a county may not alter that prerequisite even in the face of major practical obstacles (*see Matter of Curry v Hosley*, 86 NY2d 470, 475 [1995] ["The possible practical difficulties that might ensue given the few admitted lawyers in Hamilton County cannot override the important legal principle, *applicable throughout the State*, that the nature of the District Attorney's duties and responsibilities to the public require the officeholder to be an attorney"]). The office of district attorney is plainly subject to comprehensive regulation by state law, leaving the counties without authority to legislate in that respect. In this light, we view the limitation on the length of time a district attorney can hold office to be an improper imposition of an additional qualification for the position (*see generally U.S. Term Limits, Inc. v Thornton*, 514 US 779 [1995]).

Permitting county legislators to impose term limits on the office of district attorney would have the potential to impair the independence of that office because it would empower a local legislative body to effectively end the tenure of an incumbent district attorney whose investigatory or prosecutorial actions were unpopular or contrary to the interests of county legislators. The state has a fundamental and overriding interest in ensuring the integrity and independence of the office of district attorney.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

SMITH, J. (dissenting). I dissent, because I see nothing in the State Constitution or any state statute that prevents Suffolk County from imposing a limit on the number of consecutive years that a district attorney may serve. On the contrary, article IX, § 2 (c) (ii) (1) of the Constitution and Municipal Home Rule Law § 10 (1) (ii) (a) (1) empower local governments to adopt local laws relating to the "qualifications" and "terms of office" of their "officers and employees," in the absence of inconsistent state legislation, and no state legislation that is inconsistent with Suffolk County Local Law No. 27-1993 exists.

It is irrelevant that, as the majority notes, a district attorney

is "a constitutional officer" as well as a county officer and that the office of district attorney is a subject of statewide concern (majority op at 552). These premises lead, at most, to the conclusion that the state has the power to prohibit the limitation of district attorneys' terms (*see Matter of Kelley v McGee*, 57 NY2d 522 [1982])—a proposition petitioners do not contest. The issue is whether the state has exercised that power; the majority cites no statute in which it has done so. Nor can it fairly be said that there is a "*necessity* of statewide uniformity" on this issue (majority op at 553 [emphasis added]). No calamity will occur if some counties have term limits for district attorneys and others do not. Perhaps statewide uniformity is desirable, but that is for the state legislature, not this Court, to decide.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT, RIVERA and ABDUS-SALAAM concur; Judge SMITH dissents in an opinion.

Order affirmed, without costs.