*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 24, 2016                    522647
_____

In the Matter of BARRY KORMAN
    et al.,
                    Appellants,

      v

NEW YORK STATE BOARD OF                    MEMORANDUM AND ORDER
    ELECTIONS,
                    Respondent,
      and

RAFAEL EDWARD ("TED") CRUZ,
                    Respondent.
_____

Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____

        Roger J. Bernstein, New York City, and Eisner & Associates, PC, New York City (Benjamin N. Dictor of counsel), for appellants.

        Daniel M. Sullivan, New York City, and Lally & Misir, LLP, Mineola (Grant M. Lally of counsel), for Rafael Edward ("Ted") Cruz, respondent.

_____

Per Curiam.

        Appeal from an order of the Supreme Court (Weinstein, J.), entered March 7, 2016 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of designation naming respondent Rafael Edward ("Ted") Cruz as a Republican Party candidate for the office of President of the United States

in the April 19, 2016 presidential primary election.

On January 26, 2016, respondent Rafael Edward ("Ted") Cruz filed three letters with respondent New York State Board of Elections, which the Board deemed to constitute a certificate of designation, seeking to have his name placed on the ballot for the April 19, 2016 presidential primary election as a Republican Party candidate for the office of President of the United States (see Election Law § 2-122-b [3] [b]). Three weeks later, petitioners each filed a general objection and specifications to Cruz's certificate of designation, asserting that Cruz is not eligible to be a candidate for the office of President of the United States because he is not a natural born citizen of the United States as required by the US Constitution (see US Const, art II, § 1 [5]; Election Law § 6-122). Thereafter, on February 26, 2016, petitioners commenced this proceeding pursuant to Election Law § 16-102 seeking to declare invalid Cruz's certificate of designation on the basis that Cruz is a natural born citizen of Canada and not the United States.[1] In the interim, the Board determined that petitioners' objections were invalid, reasoning, as is relevant herein, that the objections raised issues that were beyond the ministerial purview of the Board and that they were not timely filed (see Election Law § 6-154 [2]). Respondents each answered the petition and asserted, among other defenses, that petitioners lacked standing to maintain this proceeding — with the Board asserting that petitioners' lack of standing was due to their failure to file timely objections. Supreme Court dismissed the petition, finding, among other things, that petitioners failed to file their objections in a timely manner and that such failure deprived the court of jurisdiction over the proceeding. Petitioners appeal.

---

[1] This proceeding was originally commenced in New York County, but it was transferred to Albany County. In addition, the initial petition only named the Board as a respondent; however, petitioners amended the petition, with Supreme Court's permission, to name Cruz as an additional respondent.

We affirm.  "It is well settled that a court's jurisdiction to intervene in election matters is limited to the powers expressly conferred by statute" (Matter of Scaringe v Ackerman, 119 AD2d 327, 328 [1986], affd on op below 68 NY2d 885 [1986] [internal quotation marks and citations omitted]; accord Matter of Hoerger v Spota, 109 AD3d 564, 565 [2013], affd 21 NY3d 549 [2013]; Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections, 87 AD3d 806, 809 [2011], lv denied 17 NY3d 706 [2011]).  Election Law § 16-102 confers standing to contest a certificate of designation by way of a judicial proceeding on, among others, "a person who shall have filed objections, as provided in" the applicable provision of the Election Law (Election Law § 16-102 [1] [emphasis added]).  Election Law § 6-154 – the provision by which petitioners filed their objections to Cruz's certificate of designation – provides, in pertinent part, that written objections to a certificate of designation can be filed by any voter registered to vote for such public office and requires that general objections "shall be filed . . . within three days after the filing" of the certificate of designation (Election Law § 6-154 [2]).  After the filing of general objections within the prescribed time period, Election Law § 6-154 mandates that "specifications of the grounds of the objections shall be filed within six days thereafter" and dictates that, if such specifications are not timely filed, "the objection shall be null and void" (Election Law § 6-154 [2]).  Failure to comply with these constraints deprives a petitioner of standing to maintain a proceeding pursuant to Election Law § 16-102 (1) (see Matter of Bennett v Justin, 77 AD2d 960, 961 [1980], affd on op below 51 NY2d 722 [1980]; Mackay v Johnson, 20 Misc 3d 1136[A], 2008 NY Slip Op 51748[U], *4 [Sup Ct, Nassau County 2008], affd 54 AD3d 428 [2008]; Matter of Village of Herkimer Republican Party, 119 Misc 2d 801, 806 [Sup Ct, Herkimer County 1983]; see also Matter of Green v Mahr, 231 AD2d 480, 480 [1996]).

Here, with Cruz having filed his certificate of designation on January 26, 2016, petitioners had until January 29, 2016 to file their general objections and until February 4, 2016 to file their specifications (see Election Law § 6-154 [2]; see also Election Law § 1-106 [1]).  It is undisputed that petitioners did not file their general objections and specifications until

February 17, 2016, thus failing to comply with the prescribed time frame set forth in Election Law § 6-154 (2). As a result, petitioners have failed to meet a condition precedent to standing — namely, that they file objections in compliance with Election Law § 6-154 (2) (see Election Law § 16-102 [1]; Matter of Bennett v Justin, 77 AD2d at 961; see also Matter of Bush v Salerno, 51 NY2d 95, 97-98 [1980]; Matter of Breitenstein v Turco, 254 AD2d 566, 567 [1998]). Under these circumstances, we are simply unable to relax the mandatory filing requirements of Election Law § 6-154 (2) or excuse petitioners' noncompliance therewith. Accordingly, we find no reason to disturb Supreme Court's determination. Our holding renders petitioners' remaining contentions academic.

Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court