Sibley v Stavisky (2024 NY Slip Op 05267)

Sibley v Stavisky

2024 NY Slip Op 05267

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-24-1509
[*1]Montgomery Blair Sibley, Appellant,
v
Kristen Zebrowski Stavisky, as Co-Executive Director of the New York State Board of Elections and Chief Election Official, Respondent.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Montgomery Blair Sibley, Odessa, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Per Curiam.
Appeals (1) from an order of the Supreme Court (Christopher P. Baker, J.), entered August 20, 2024 in Schuyler County, which, among other things, dismissed the complaint for lack of jurisdiction, and (2) from an order of said court, entered August 29, 2024 in Schuyler County, which denied plaintiff's motion to vacate the prior order.
Plaintiff commenced this action for declaratory judgment against defendant, as the chief election official who oversees the placement of names of candidates on New York election ballots. Plaintiff seeks a declaration that defendant would violate her duty and oath of office and deprive him of the right to vote for a President of the United States who is a natural born citizen as required by the US Constitution were she to permit Kamala Harris,[FN1] the Democratic Party nominee for the office of President of the United States in the November 5, 2024 general election, to appear on the New York ballot. In support of his contention, plaintiff alleges that Harris is not a natural born citizen of the United States because her parents were not United States citizens at the time of her birth and that she is thus ineligible under the Qualifications Clause of the US Constitution from appearing on the ballot as a candidate for the office of President (see US Const, art II, § 1 [5]; Election Law § 6-122). Plaintiff also moved for an expedited scheduling order, seeking, among other things, to shorten the statutory time period for defendant to file an answer. Supreme Court denied plaintiff's motion and, sua sponte, dismissed the complaint for failure to comply with the procedural requirements set forth in Election Law § 16-116 for ballot access challenges. Plaintiff's subsequent motion to vacate the court's order was denied. Plaintiff appeals from both orders. We affirm.
Regardless of plaintiff commencing this as an action for declaratory judgment and characterizing the issue as a federal challenge that purportedly supersedes any state law, the effect of the relief sought by plaintiff is judicial intervention in the election process to remove Harris from the ballot based upon allegations that she does not meet the substantive requirements to hold the office of President of the United States. "It is well settled that a court's jurisdiction to intervene in election matters is limited to the powers expressly conferred by statute" (Matter of Scaringe v Ackerman, 119 AD2d 327, 328 [3d Dept 1986] [internal quotation marks and citations omitted], affd 68 NY2d 885 [1986]; accord Matter of Korman v New York State Bd. of Elections, 137 AD3d 1474, 1475 [3d Dept 2016], lv denied 27 NY3d 903 [2016]). Consistent with our prior holdings, "the exclusive remedy for seeking to remove a candidate from the ballot is a proceeding pursuant to the Election Law" (Matter of Ferguson v Cheeseman, 138 AD2d 852, 853 [3d Dept 1988]; see Matter of Scaringe v Ackerman, 119 AD2d at 328-329). As this action is clearly an attempt by plaintiff to remove Harris from the [*2]ballot, plaintiff was required to pursue his challenge by way of a special proceeding pursuant to the Election Law, which requires commencement by verified petition or order to show cause and a directive by Supreme Court as to the manner of service (see Election Law § 16-116; Matter of Wallace v Bujanow, 176 AD3d 1307, 1308-1309 [3d Dept 2019]; Matter of Millar v Tolly, 252 AD2d 872, 873 [3d Dept 1998]). As plaintiff failed to avail himself of the applicable statutory procedures under the Election Law, Supreme Court properly determined that jurisdiction was lacking (see Matter of Wallace v Bujanow, 176 AD3d at 1309; Matter of Millar v Tolly, 252 AD2d at 873). Accordingly, the court's dismissal of the complaint will not be disturbed. Plaintiff's remaining contentions are unpersuasive and without merit.
Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: We note that Kamala Harris is not a party to this action.